GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE,<br><br>                    Plaintiff,<br><br>          v.<br><br>SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, and GRAHAM SMITH,<br><br>                    Defendants. | Case No. 3:19-cv-05857-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**<br><br>**<u>Hearing</u>**<br>Date: December 13, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston<br><br>Action Filed: September 19, 2019 |

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS
CASE NO. 3:19-cv-05857-SI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Slack Technologies, Inc. ("Slack" or the "Company"), Stewart Butterfield, Allen Shim, Brandon Zell, Andrew Braccia, Edith Cooper, Sarah Friar, John O'Farrell, Chamath Palihapitiya, and Graham Smith (together, with the Company, the "Defendants") respectfully request that the Court take judicial notice of and/or incorporate by reference Exhibits A through F attached to the accompanying Declaration of Michael J. Kahn (the "Kahn Declaration") in support of Defendants' Motion to Dismiss Class Action Complaint for Violation of Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.    DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89. The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

### A.    Slack's Registration Statement

Exhibit A, Slack's Registration Statement on Form S-1, was filed with the United States Securities and Exchange Commission (the "SEC") on May 31, 2019. Exhibit A is referenced, extensively quoted, and necessarily relied on in paragraphs 1-3, 31-33, and 36-38 of the Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"). Therefore, the Court may consider Exhibit A in ruling on Defendants' Motion to Dismiss under the incorporation by reference doctrine.

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS
CASE NO. 3:19-cv-05857-SI

In addition, the Court may take judicial notice of Exhibit A.  Courts routinely take judicial notice of documents filed with the SEC, especially when deciding a motion to dismiss in cases alleging violations of the federal securities laws.  *See, e.g.*, *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 (9th Cir. 2006) ("We review de novo a dismissal under Rule 12(b)(6) . . . and may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings.") (internal citation omitted); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Stumpf*, 2012 WL 424557, at *4 (N.D. Cal. Feb. 9, 2012) (Illston, J.) ("In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.") (internal citations omitted); *In re Iasia Works, Inc., Sec. Litig.*, 2002 WL 1034041, at *7 n.2 (N.D. Cal. May 15, 2002) (Illston, J.) (taking judicial notice of registration statement).  Exhibit A is capable of accurate and ready determination, as it is publicly available on the SEC website and a matter of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b).

Accordingly, the Court should consider Exhibit A under the incorporation by reference doctrine and/or take judicial notice of it.

**B.    NYSE Listed Company Manual**

Exhibit B, Section 102.01 of the New York Stock Exchange Listed Company Manual, is properly subject to judicial notice as it is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  It is publicly available on the New York Stock Exchange website.  Courts in the Ninth Circuit have taken judicial notice of the New York Stock Exchange Listed Company Manual in securities litigation.  *See In re Hypercom Corp. Sec. Litig.*, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006).  It is therefore appropriate for the Court to take judicial notice of Exhibit B.

**C.    Screenshot of Slack's Website**

Exhibit C is a May 19, 2019 screenshot of Slack's website describing Slack's Service Level Agreement ("SLA") in effect at the time of Slack's direct listing.  Plaintiff's Section 11 claim depends on the terms of Slack's SLA, and whether the SLA's credit policy was publicly disclosed.  *See, e.g.*, Compl. ¶¶ 39, 43-45.  Exhibit C is therefore incorporated by reference because the SLA

2

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS
CASE NO. 3:19-cv-05857-SI

"forms the basis of [Plaintiff]'s claim." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Exhibit C also is subject to judicial notice because it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Here, Exhibit C was obtained from the "Internet Archive's Wayback Machine," from which "district courts in this circuit [] routinely take [] judicial notice." *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd sub nom. United States ex rel. Juan Hong v. Newport Sensors, Inc*, 713 F. App'x 724 (9th Cir. 2018), and *aff'd sub nom. United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660 (9th Cir. 2018); *see also In re Facebook, Inc. Sec. Litig.*, 2019 WL 4674347, at *11 (N.D. Cal. Sept. 25, 2019) (taking judicial notice of prior version of data policy obtained using the Internet Archive's Wayback Machine). In addition, judicial notice of Exhibit C is appropriate to show that the terms of Slack's SLA were "in the public realm at the time." *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 967 n.2 (N.D. Cal. 2010) (Illston, J.) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (Illston, J.) (granting judicial notice of materials "not for the truth of the matter asserted, but to show disclosure of information."). Accordingly, the Court should take judicial notice of Exhibit C.

**D.    Slack's June 10, 2019 8-K**

Exhibit D is Slack's Current Report on Form 8-K filed with the SEC on June 10, 2019. Like Exhibit A, the court may take judicial notice of Exhibit D as an SEC filing. *See supra* at 2. It is proper to take judicial notice of Exhibit D to show what Slack disclosed to the market. *See Century Aluminum*, 749 F. Supp. 2d at 980 (Illston, J.).

**E.    Slack's Quarterly Earnings Call Transcript**

Exhibit E is a transcript of Slack's Second Quarter 2020 Results Conference Call, which Plaintiff references, relies upon, and purports to paraphrase and/or quote from in paragraphs 43-45 of the Complaint. Because Exhibit E is referenced and relied on in the Complaint, the Court may consider Exhibit E under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038.

3

Gibson, Dunn & Crutcher LLP

Judicial notice of Exhibit E also is appropriate because it is a publicly available document and a matter not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of earnings call transcripts. *See Facebook, Inc.*, 2019 WL 4674347, at *11 (taking judicial notice of transcripts of earnings calls); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (same); *Century Aluminum*, 749 F. Supp. 2d at 979-80 (Illston, J.) (granting judicial notice of transcripts of conference calls with analysts); *McCasland v. FormFactor Inc.*, 2008 WL 2951275, at *12 (N.D. Cal. July 25, 2008) (Illston, J.) (same). Accordingly, the Court should take judicial notice of Exhibit E.

### F.    Slack SLA and Support Article

Exhibit F is an article entitled "Slack SLA and Support" dated July 3, 2018, which was posted on the website EnterpriseReady, located at https://www.enterpriseready.io/slack/sla-support/. Exhibit F is a publicly available article, the authenticity of which cannot reasonably be questioned. Judicial notice of Exhibit F is appropriate to show that the information contained in the article was publicly available. *See In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (granting judicial notice of four news articles); *Century Aluminum*, 749 F. Supp. 2d at 980 (Illston, J.) (granting judicial notice of articles to show information had been disclosed). Accordingly, the Court should take judicial notice of Exhibit F.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through F to the Kahn Declaration, and consider Exhibits A, C, and E under the incorporation by reference doctrine.

DATED:  November 8, 2019

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Michael D. Celio
MICHAEL D. CELIO, SBN 197998
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Gibson, Dunn & Crutcher LLP

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants Slack Technologies, Inc., Stewart Butterfield, Allen Shim, Brandon Zell, Andrew Braccia, Edith Cooper, Sarah Friar, John O'Farrell, Chamath Palihapitiya, and Graham Smith*

Gibson, Dunn &
Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLASS ACTION
COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS
CASE NO. 3:19-cv-05857-SI