**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Rohail Khan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, Individually and on behalf of all others similarly situated, | No. 3:19-cv-05857-SI |
| Plaintiff | Hon. Susan Illston |
| vs. | **MOTION OF ROHAIL KHAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM AND POINTS OF AUTHORITIES** |
| SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, and GRAHAM SMITH, | Date: January 10, 2020<br>Time: 10:00 a.m.<br>Courtroom: 1-17th Floor |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on January 10, 2020 at 10:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Susan Illston at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.      Appointing Rohail Khan ("Movant") as Lead Plaintiff;

2.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as

1   Lead Counsel; and

2         3.     Granting such other and further relief as the Court may deem just and proper.

3        Movant respectfully submits the following memorandum in support of his motion for: (a)

4   appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

1                  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2                            <u>**TABLE OF CONTENTS**</u>

3   I.      SUMMARY OF ARGUMENT ................................................................................ 1

4   II.     STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

5   III.    STATEMENT OF FACTS ................................................................................... 2

6   IV.    ARGUMENT ......................................................................................................... 3

7       A.   Movant's Appointment as Lead Plaintiff Is Appropriate. ................................. 3

8          1.   The Procedure Required by the PSLRA .................................................. 3

9              a.   Movant Is Willing to Serve as Class Representative ............................. 4

10             b.   Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...... 4

11          2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil

12             Procedure. ................................................................................................. 5

13              a.   Movant's Claims Are Typical of the Claims of All Class Members. ................... 6

14             b.   Movant Will Adequately Represent the Class ........................................ 7

15       B.   Approval of Movant's Choice of Counsel Is Appropriate. ............................... 8

16   V.      CONCLUSION ..................................................................................................... 9

17

18

19

20

21

22

23

24

25

26

27

28

iii

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Booth v. Strategic Realty Trust, Inc.*,

4

No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014)......................................... 5

5

*In re Cavanaugh*,

6

306 F.3d 726 (9th Cir. 2002) ..................................................................................... 1, 5, 6

7

*Crawford v. Honig*,

8

37 F.3d 485 (9th Cir. 1994) ............................................................................................ 7

9

*In re Drexel Burnham Lambert Grp.*,

10

960 F.2d 285 (2d Cir. 1992) ........................................................................................... 7

11

*Ferrari v. Gisch*,

12

225 F.R.D. 599 (C.D. Cal. 2004)...................................................................................... 6

13

*Francisco v. Abengoa, S.A.*,

14

No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ................................. 8

15

*Gen. Tel. Co. of the Southwest v. Falcon*,

16

457 U.S. 147 (1982) ...................................................................................................... 6

17

*Gold v. Lumber Liquidators, Inc.*,

18

323 F.R.D. 280 (N.D. Cal. 2017) ..................................................................................... 6

19

*Hanlon v. Chrysler Corp.*,

20

150 F.3d 1011 (9th Cir. 1998) ......................................................................................... 6

21

*Haung v. Acterna Corp.*,

22

220 F.R.D. 255 (D. Md. 2004) ........................................................................................ 6

23

*Hessefort v. Super Micro Computer, Inc*,

24

317 F.Supp.3d 1056 (N.D. Cal. 2018)............................................................................... 5

25

*Inchen Huang v. Depomed*, *Inc.*,

26

289 F. Supp. 3d 1050 (N.D. Cal. 2017)............................................................................. 8

27

28

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

*Isaacs v. Musk,*
    No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018)...............................8

*In re LendingClub Sec. Litig.,*
    282 F.Supp.3d 1171 (N.D. Cal. 2017).............................................................................6, 7

*Levin v. Res. Capital Corp.,*
    No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015)............................8

*In re Milestone Sci. Sec. Litig.,*
    183 F.R.D. 404 (D.N.J. 1998) ...........................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.,*
    182 F.R.D. 42 (S.D.N.Y. 1998).........................................................................................6

*Polat v. Regulus Therapeutics, Inc.,*
    No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017) .. 9

*Pope v. Navient Corp.,*
    No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018)............................8

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993) ..............................................................................................6

*In re Tesla, Inc. Sec. Litig.,*
    No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) ............................8

*Veal v. LendingClub Corporation,*
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .....................................................................5

**Statutes**

15 U.S.C § 77z-1(a)(3)(B).........................................................................................................7

15 U.S.C. § 77z-1(3)(B)(iii)(I) ..................................................................................................8

15 U.S.C. § 77z-1(a)(3)(B)................................................................................................1, 3, 5, 7

15 U.S.C. § 77z-1(a)(3)(B)(i) ....................................................................................................3

15 U.S.C. § 77z-1(a)(3)(B)(ii) ...................................................................................................3

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .........................................................................................4, 7

v

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

—

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ................................................................. 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ........................................................... 8

15 U.S.C. § 77z-1(a)(3)(B)(v) .................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................... 1, 5, 6, 7

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased, or otherwise acquired Class A common stock of Slack Technologies, Inc. ("Slack" or the "Company") pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Registration Statement") for the resale of up to 118,429,640 shares of its Class A common stock whereby Slack began trading as a public company on or around June 20, 2019 (the "Offering").  Plaintiff in the Action alleges violations of the Securities Act of 1933 (the "Securites Act") against the Company, Stewart Butterfield ("Butterfield"), Allen Shim ("Shim"), Brandon Zell ("Zell"), Andrew Braccia ("Braccia"). Edith Cooper ("Cooper"), Sarah Friar ("Friar"), John O'Farrell ("O'Farrell"), Chamath Palihapitiya ("Palihapitiya"), and Graham Smith ("Smith") (collectively, the "Defendants" and excluding the Company, the "Individual Defendants").

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Rohail Khan ("Movant"), a sophisticated investor with over 25 years of experience across multi-sector Fortune 2000 companies, lost approximately $127,800 as a result of the alleged fraud in the Registration Statement[1]. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] Movant's certification identifying his transactions in Slack, as required by the PSLRA, is attached to the Declaration of Adam C. McCall, dated November 18, 2019 ("McCall Declaration" or "McCall Decl.") as Exhibit A. The chart identifying Movant's losses are attached to the McCall Declaration as Exhibit B.

[2] The "Class" is comprised of all persons who purchased, or otherwise acquired Slack Class A common stock pursuant to the Registration Statement.

Accordingly, Movant respectfully requests that (a) he be appointed Lead Plaintiff, and (b) Levi & Korsinsky be approved as Lead Counsel.

**II.       STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

2.    Whether Movant's choice of Lead Counsel should be approved.

**III.      STATEMENT OF FACTS**

3.    Slack is a technology Company that offers a business technology platform, known as Slack, which allows its users to advance workflow by aggregating and sharing information from other third-party applications and software. ¶¶ 2, 31. Slack's Class A common stock went public on or around June 20, 2019, with Class A common stock shares being sold by registered shareholders at a reference price of $26.00. ¶¶ 3, 33. The Company's shares, trading under the ticker symbol "WORK", trades on the New York Stock Exchange ("NYSE"). *Id.* The stock that was sold during the offering was a resale by the registered stockholders and according the Registration Statement, were not underwritten by any investment bank. *Id.* On June 20, 2019, Slack stocks opened at a price of $38.50.

4.    The Registration Statement was false and misleading and omitted to state material adverse facts. Specifically, Defendants failed to disclose to investors that: (1) the Company's Slack Platform was susceptible to recurring service-level disruptions; (2) such disruptions were increasingly likely to occur as the Company scaled its services to a larger user base; (3) the Company provides credits even if a customer was not specifically affected by service-level disruptions; (4) as a result, any service-level disruptions would have a material adverse impact on the Company's financial results; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶ 7.

5.    On June 28, 2019, a mere week after Slack went public, the Slack platform encountered a global service outage, disrupting service for many users. ¶ 40. Slack "rolled out" a

fix shortly thereafter and assured investors that it was "working on preventative measures to ensure that this doesn't happen again in the future." *Id.* The following month, on July 29, 2019, Slack's platform suffered yet another large-scale service outage, disrupting service for more than 2,000 users. ¶ 41.

6.     Then, on September 4, 2019 the Company reported its second-quarter financial 2019 results and guidance for the third quarter. ¶ 42. The guidance revealed a wider loss than analysts had previously predicted for the Company, directly relating to the service level disruptions that occurred in the quarter. *Id.* In a conference call held to discuss the results, it was revealed that service credits are given to every customer of Slack after an outage regardless of their impact, resulting in $8.2 million in credits being given. ¶ 43.

7.     On this news, the Company's share price fell nearly 12%, or $3.69 per share, over two consecutive trading days, to close on September 6, 2019 at $27.38 per share.  ¶ 47.

## IV.     ARGUMENT

### A.  Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1.  The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

plaintiff is the "person or group of persons" that:

       (aa)    has either filed the complaint or made a motion in response to a notice;

       (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

       (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as Class Representative.

On September 19, 2019 counsel in the first-filed action caused a notice (the "Notice")[3] to be published pursuant to Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against Slack and the Individual Defendants, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Movant has reviewed the complaint filed in the pending action and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known

---

[3] A copy of the Notice is attached as Exhibit C to the McCall Declaration.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Movant acquired Slack Class A common stock pursuant to the registration statement. As a result of the alleged wrongdoing, the investment in these shares resulted in a substantial loss of approximately $127,800. *See* McCall Decl., Ex. B. Thus, Movant has a significant financial interest in the outcome of this Action. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 77z-1(a)(3)(B) in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required

1    at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a

2    motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy

3    prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff

4    moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,*

5    220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J.

6    1998).

7         As detailed below, Movant satisfies both the typicality and adequacy requirements of

8    Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

9              **a.  Movant's Claims Are Typical of the Claims of All Class Members.**

10        Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties"

11   are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of

12   Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the

13   same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re*

14   *Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225

15   F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998);

16   *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec.*

17   *Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims

18   "arise from the same conduct from which the other class members' claims and injuries arise").

19   Rule 23 does not require that the named plaintiff be identically situated with all class members.

20   It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec.*

21   *Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020).  A finding

22   of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,*

23   323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S.

24   147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

25        In this case, the typicality requirement is met because Movant's claims are identical to,

26   and neither compete nor conflict with the claims of the other Class members. Movant, like the

27   other members of the Class, acquired Slack Class A common stock pursuant to the Registration

28

1    Statement and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those

2    of the other members of the Class because the losses Movant seeks to recover are similar to those

3    of other Class members and his losses result from the defendants' common course of conduct.

4    Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*,

5    282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d

6    Cir. 1992).

7                    **b.   Movant Will Adequately Represent the Class.**

8            Moreover, Movant is an adequate representative of the Class. Under Rule 23(a)(4), the

9    representative party must "fairly and adequately protect the interests of the class." The PSLRA

10   directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests

11   of the movant are clearly aligned with the members of the putative Class and whether there is

12   evidence of any antagonism between the interests of the movant and other members of the Class.

13   15 U.S.C § 77z-1(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation

14   omitted).

15           Movant's interests are clearly aligned with those of the other members of the Class. Not

16   only is there no evidence of antagonism between Movant's interests and those of the Class, but

17   Movant has a significant and compelling interest in prosecuting the Action based on the large

18   financial losses suffered as a result of the wrongful conduct alleged in the Action. This motivation,

19   combined with Movant's identical interest with the members of the Class, demonstrates that

20   Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel

21   highly experienced in prosecuting securities class actions and will submit his choice to the Court

22   for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the

23   Action vigorously on behalf of the Class.

24           Accordingly, at this stage of the proceedings, Movant has made the preliminary showing

25   necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies

26   15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest

27   in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore,

28

7

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROHAIL KHAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 3:19-CV-05857-SI

1  the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be

2  appointed as such to lead the Action.

3       **B.  Approval of Movant's Choice of Counsel Is Appropriate.**

4       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject

5  to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v).The Court should interfere with the lead

6  plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15

7  U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

8       Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the

9  Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities

10  class actions such as these and is well-qualified to represent the Class. *See* McCall Decl., Ex. D

11  (the firm resume of Levi & Korsinsky). *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL

12  6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec.*

13  *Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi &

14  Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in

15  other securities class actions.") *aff'd on mandamus sub nom*; *Francisco v. Abengoa, S.A.,* No. 15

16  CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi &

17  Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the

18  firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV.

19  7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as

20  lead counsel and noting that it is "a firm which is well qualified and has successfully served as

21  lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient*

22  *Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing

23  Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has

24  extensive experience in private securities litigation and has received numerous favorable

25  judgments in its past representations."); *see also Inchen Huang v. Depomed, Inc.*, 289 F. Supp.

26  3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus*

27  *Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D.

28

Cal. Oct. 26, 2017) (same).

**V.  CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: November 18, 2019          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam C. McCall*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Rohail Khan and Proposed Lead Counsel for the Class*