W. Scott Holleman (#310266)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149
Fax: (212) 214-0506
Email: holleman@bespc.com
passmore@bespc.com

*Attorneys for Movant Fiyyaz Pirani*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

TYLER DENNEE, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, and GRAHAM SMITH,

Defendants.

Case No. 3:19-cv-05857-SI

**CLASS ACTION**

**NOTICE OF MOTION AND MOTION OF FIYYAZ PIRANI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: January 10, 2020
Time: 10:00 a.m.
Courtroom: 1, 17th Floor
Judge: Honorable Susan Illston

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........ 1
MEMORANDUM OF POINTS AND AUTHORITIES ........ 2
I. SUMMARY OF ARGUMENT ........ 2
II. STATEMENT OF ISSUES TO BE DECIDED ........ 3
III. FACTUAL BACKGROUND ........ 3
IV. ARGUMENT ........ 5
A. The Court Should Appoint Movant as Lead Plaintiff ........ 5
1. The Procedure Required by the PSLRA ........ 5
2. Movant Satisfies the Lead Plaintiff Provisions of the PSRLA ........ 6
3. Movant Meets Rule 23's Typicality and Adequacy Requirements ........ 7
B. Movant's Choice of Counsel Should Be Approved ........ 9
V. CONCLUSION ........ 10

i Case No. 3:19-cv-05857-SI
NOTICE OF MOTION AND MOTION OF FIYYAZ PIRANI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

## Cases

*Abrams v. Intuitive Surgical, Inc.*,
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013) .......... 2

*Booth v. Strategic Realty Tr., Inc.*,
No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) .......... 6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .......... 2, 6, 7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) .......... 8

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) .......... 8

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 8

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004) .......... 7

*Johnson v. OCZ Tech. Grp.*,
No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .......... 5, 6

*Krieger v. Atheros Commc'nc*,
No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) .......... 7

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) .......... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .......... 8

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984) .......... 8

## Statutes

15 U.S.C. § 77z-1(a) .......... passim

## Rules

Fed. R. Civ. P..
Rule 23 .......... passim

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 10, 2020, at 10:00 a.m., or as soon as counsel may be heard, before the Honorable Susan Illston, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 1 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Fiyyaz Pirani ("Movant") will and hereby does respectfully move this Court for an Order: (1) appointing Movant as Lead Plaintiff pursuant to Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a class consisting of all persons and entities, other than defendants, that purchased or otherwise acquired Slack Technologies, Inc. Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus; (2) approving Movant's selection of the law firm Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the putative class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant believes he is the "most adequate plaintiff" under the PSLRA, and therefore should be appointed Lead Plaintiff. Specifically, Movant believes that he has the "largest financial interest" in relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other members of the Class and because he will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of W. Scott Holleman, the [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of BES as Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Fiyyaz Pirani ("Movant"), on behalf of himself and all similarly situated persons and entities, hereby respectfully submits this Memorandum of Points and Authorities in support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

**I. SUMMARY OF ARGUMENT**

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action") brought on behalf of all persons and entities that purchased or otherwise acquired Slack Technologies, Inc. ("Slack" or the "Company") Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (the "Class") for the resale of up to 118,429,640 shares of its Class A common stock whereby Slack began trading as a public company on or around June 20, 2019 (the "Offering"). Plaintiff in the Action alleges violations of Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, against the Company and certain of its officers and directors (the "Defendants").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $1,410,863.16. using a last-in-first-out ("LIFO") analysis. *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-cv-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when determining largest financial interest and appointing movant with "substantially larger" loss). As Movant has the largest loss and thus the largest financial interest recoverable by the Class, he is the presumptive lead plaintiff in the Action. Moreover, Movant satisfies the requirements of Rule 23 in

that his claims are typical of the claims of the Class,[1] and that he will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that he be appointed Lead Plaintiff and his selection of BES be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2. Whether the Court should appoint Movant's selection of BES as Lead Counsel for the proposed Class.

## III. FACTUAL BACKGROUND[2]

Headquartered in San Francisco, California and incorporated under the laws of Delaware, Slack offers a business technology platform that allows users to share and aggregate information from other software, take action on notifications, and advance workflows in a multitude of third-party applications. ¶¶ 2, 31.

On May 31, 2019, the Company filed its final amendment to the Registration Statement with the U.S. Securities and Exchange Commission ("SEC") on Form S-1/A, which forms part of the Registration Statement. ¶ 32. The Registration Statement was declared effective on June 7, 2019. *Id.*

On June 20, 2019, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. ¶ 33. The Company registered up to 118,429,640 shares of Class A common stock by registered shareholders for resale. *Id.* According to the Registration Statement, the resale of the Company's stock was not underwritten by any investment bank and the

[1] The "Class" is comprised of all persons and entities that purchased or otherwise acquired securities of Slack pursuant and/or traceable to the Company's registration statement and prospectus whereby Slack began trading as a public company on or around June 20, 2019.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in this Action on September 19, 2019 (the "Complaint"). ECF No. 1. The facts set forth in the Complaint are incorporated herein by reference.

registered stockholders would purportedly elect whether or not to sell their shares. *Id*. Such sales, if any, would be brokerage transactions on the New York Stock Exchange ("NYSE"), and Slack would purportedly not receive any proceeds from the sale of shares of Class A common stock by the registered stockholders. *Id*.

On June 28, 2019, Slack's platform suffered a global service outage that disrupted services for many users, and Slack assured investors that it was "working on preventative measures to ensure that this doesn't happen again in the future." ¶ 40.  On July 29, 2019, the Slack platform suffered another large-scale service outage which disrupted services for more than 2,000 users.  ¶ 41.  On September 4, 2019, Slack reported its second quarter fiscal 2019 results and issued guidance for the third quarter, expecting a wider loss than analysts predicted.  ¶ 42.  On the earnings conference call that same day, Defendants stated that service credits were given to customers who could have been affected by the service outages and that the outages were attributable, at least "distant[ly]" to issues with Slack's services to encompass a greater user-load.  ¶¶ 43-45.

On this news, the Company's share price fell $3.69 per share, nearly 12%, over two consecutive trading sessions to close at $27.38 per share on September 6, 2019.  ¶ 46.  At the time the Action was commenced, Slack's stock was trading as low as $25.72 per share.  ¶ 47.

The Registration Statement was false and misleading and omitted to state material adverse facts.  Specifically, Defendants failed to disclose to investors that:  (1) the Company's Slack Platform was susceptible to recurring service-level disruptions; (2) such disruptions were increasingly likely to occur as the Company scaled its services to a larger user base; (3) the Company provides credits even if a customer was not specifically affected by service-level disruptions; (4) as a result, any service-level disruptions would have a material adverse impact on the Company's financial results; and (6) as a result of the foregoing, Defendants' positive statements about Slack's business, operations, and prospects were materially false and/or misleading and/or lack a reasonable basis at all relevant times. ¶ 39.

# IV. ARGUMENT

## A. The Court Should Appoint Movant as Lead Plaintiff

### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other

Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against him that Defendants could raise. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in this Action.

**2. Movant Satisfies the Lead Plaintiff Provisions of the PSRLA**

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

**a. Movant Filed a Timely Motion**

On September 19, 2019, plaintiff in the Action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against Slack and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[3]

Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6; *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

**b. Movant Has the Largest Financial Interest in the Relief Sought**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Holleman Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

[3] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the Holleman Declaration.

Movant purchased Slack Class A common stock in reliance upon the materially false and misleading statements issued by Defendants in the Registration Statement and was injured thereby. Movant suffered a substantial loss of approximately $1,410,863.16. *See* Holleman Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of the Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**3. Movant Meets Rule 23's Typicality and Adequacy Requirements**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**a. Movant's Claims Are Typical of the Claims of the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Slack Class A common stock pursuant and/or traceable to the Registration Statement at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

**b. Movant Will Adequately Represent the Class**

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting this Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit its choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)( iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Action.

**B.     Movant's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Holleman Decl., Ex. D (the firm résumé of BES).

**V. CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: November 18, 2019

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *W. Scott Holleman*

W. Scott Holleman (SBN 310266)
Marion C. Passmore (SBN 228474)
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149
Email: holleman@bespc.com
passmore@bespc.com

*Attorneys for Movant Fiyyaz Pirani and Proposed Lead Counsel for the Class*