# Exhibit B

Case 3:19-cv-05857-SI   Document 33-2   Filed 11/25/19   Page 2 of 12

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANE GOLDBERGER, Individually and
on behalf of all others similarly situated,**

**Plaintiff,**

-vs                                     **Case No.  6:05-cv-1810-Orl-22DAB
and related cases:
Case No. 6:06-cv-08-Orl-22DAB
Case No. 6:06-cv-16-Orl-22DAB
Case No. 6:06-cv-57-Orl-22DAB**

**FARO TECHNOLOGIES, INC.; SIMON
RAAB; GREGORY A. FRASER; and
BARBARA R. SMITH,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed

herein in the related cases:

| |
|---|
| **MOTION:**    **MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Case No. 05cv1810 Doc. No. 18)** |
| **FILED:**      **February 6, 2006** <br> _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part, and **DENIED,** in part. |

Case 3:19-cv-05857-SL   Document 33-2   Filed 11/25/19   Page 3 of 12

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Case No. 06cv008 Doc. No. 15)** |
| **FILED:** | **February 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part, and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Case No. 06cv016 Doc. No. 14)** |
| **FILED:** | **February 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (Case No. 06cv057 Doc. No. 16)** |
| **FILED:** | **February 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAR PRO HAC VICE (Case No. 05cv1810 Doc. No. 33)** |
| **FILED:** | **February 14, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Case 3:19-cv-05857-SI   Document 33-2   Filed 11/25/19   Page 4 of 12

**MOTION:**     **MOTION TO APPEAR PRO HAC VICE (Case No. 06cv008 Doc. No. 26)**

**FILED:**     **February 14, 2006**

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

**MOTION:**     **MOTION TO APPEAR PRO HAC VICE (Case No. 06cv16 Doc. No. 26)**

**FILED:**     **February 14, 2006**

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

**MOTION:**     **MOTION TO APPEAR PRO HAC VICE (Case No. 06cv57  Doc. No. 26)**

**FILED:**     **February 14, 2006**

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

### *BACKGROUND*

The above actions are related securities class action lawsuits brought on behalf of those who have purchased or otherwise acquired publicly-traded securities of Defendant Faro Technologies, Inc. (herein "Faro") between May 6, 2004 and November 3, 2005.  In addition to Faro, the actions name three officers of Faro as co-defendants.  All of the actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (herein "the Act") and S.E.C. Rule 10b-5; asserting that Defendants made false and misleading statements or failed to disclose adverse facts, which resulted

in artificially inflated prices for Faro securities purchased or acquired by Plaintiffs and the alleged class.

Following the filing of the initial action (the "Goldberger action"), and pursuant to the terms of the Private Securities Litigation Reform Act ("PSLRA"), a notice was published informing class members of their right to file a motion for appointment as lead plaintiff. According to the instant motions, the notice was published on December 8, 2005; thus, the time period for moving to be appointed lead plaintiff expired on February 6, 2006. The instant motions are brought by movant Kornitzer Capital Management, Inc. ("Kornitzer"), an institutional investor that asserts, without contradiction or opposition by any party or other movant, that it has suffered the largest loss due to the alleged misconduct.[1] For the reasons set forth herein, it is **respectfully recommended** that the motions be **granted, in part.** Specifically, it is **recommended** that the cases be consolidated, with all filings to occur in the lowest numbered case; that movant be appointed Lead Plaintiff, but that the determination of lead counsel be **deferred,** pending additional filings.

### ISSUES AND ANALYSIS

### *Consolidation*

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*See also Local Rule* 1.04(b).

---

[1]In Case No. 06cv16, a group of investors calling themselves the "Frey group" moved to be appointed lead Plaintiff, and asserted that they suffered the greatest loss (Doc. No. 16). That motion has since been withdrawn (Doc. No. 27), leaving Kornitzer as the only contender for lead plaintiff status.

Consolidation is often appropriate in securities actions based on the same public statements and reports, if there are common questions of law and fact and the defendants will not be prejudiced. *Vincelli v. National Home Health Care Corp.,* 112 F. Supp.2d 1309, 1313 (M.D. Fla. 2000); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998) ("[C]onsolidation is common in federal securities class action cases" and noting that PSLRA "directs that cases should be consolidated where, as here, there is "more than one action on behalf of a class asserting substantially the same claim or claims." See 15 U.S.C. § 78u-4(a)(3)(B)(ii)."). Here, all of the above actions name the same Defendants and assert substantially the same claims and issues. No party has objected to the consolidation, and the Court finds granting consolidation to be efficient and appropriate. Accordingly, the related cases should be consolidated with the lowest numbered Goldberger case, herein "the Lead Case", which should be re-captioned as *"In re Faro Technologies Securities Litigation",* Case No. 6:05cv1810-22DAB.[2]  Should this recommendation be adopted, all parties should file only in the Lead Case.

### *Appointment of Lead Plaintiff*

The PSLRA provides that "[a]s soon as practicable after [a decision on consolidation] is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . ." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" is the one the court determines to be "most capable of adequately representing the interests of the class members . . ." *Id.* at § 78u-4(a)(3)(B)(i).

---

[2]It should be noted that Plaintiff Diane Goldberger has filed a Notice of Voluntary Dismissal of her complaint in the Lead Case (Doc. No. 21).  In view of the fact that the newly appointed Lead Plaintiff will be directed to file an Amended Complaint reflecting the consolidation in the Lead Case, the current absence of an operative complaint in the Lead Case is no cause for concern.

> In determining the "most adequate plaintiff," the PSLRA provides that:
>
> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally*, *Vincelli*, 112 F. Supp.2d at 1314. With respect to Rule 23 requirements, a proposed Lead Plaintiff must establish that its claims are typical of the class, and that it would be an adequate representative.[3]

As noted, Movant is the only investor presently seeking appointment as Lead Plaintiff. According to the Certification filed (Doc. No. 19 - Exhibit A in Lead Case), Movant appears to be an institutional investor, willing to serve as representative of the class. Movant certifies that it has purchased 37,751 shares of Faro common stock during the relevant period and estimates its losses at $73,991.98. (Doc. No. 19 at 10). It asserts, without contradiction, that it believes it has suffered the largest financial loss of any of the other named interested plaintiffs or movants. Moreover, no party has objected to the appointment of Kornitzer, nor is there any evidence before the Court that would suggest that Movant would not be an adequate representative of the class.

Based on the foregoing, the Court finds that Kornitzer has timely filed a motion seeking to be appointed Lead Plaintiff; has adequately set forth (at this preliminary stage) that it has suffered the

---

[3]Rule 23(a) provides: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

largest financial loss of the class; and that its claims are typical of those of the class, assuring an adequate community of interest between Movant and other class members. As such, Movant has adequately satisfied the requirements of the PSLRA and Rule 23 and the Court therefore **recommends** its appointment as Lead Plaintiff.

### *Lead Counsel*

The final issue for consideration in the motions is the approval of Plaintiff's choice for lead counsel. The Movants seek approval of their retainer of the law firms of Shepherd, Finkelman, Miller & Shah, LLC (based in Chester, Connecticut, but with an office in Lighthouse Point, Florida) and the Edgar Law Firm, LLC (based in Kansas City, Missouri). There are presently pending motions to admit seven attorneys *pro hac vice*, in addition to Mr. Shepherd's appearance. In support of its motion, the two firms have filed their resumes (Doc. No. 19 - Exhibit B). While the quality of the proposed counsel is not lacking, at this point in time, the record does not warrant approval of multiple law firms to represent the class, nor is the record complete enough to guide the Court in evaluating the two firms proffered.

The decision to approve counsel selected by the Lead Plaintiff is a matter within the Court's discretion and is by no means automatic. *See In re Milestone Scientific Sec. Litig.* 187 F.R.D. 165, 176 (D. N.J. 1999) (declining to appoint multiple firms as co-counsel, noting that the judgment of a lead plaintiff is not dispositive). Moreover, while some courts have approved the selection of multiple law firms, others have refused to do so, noting the danger of lawyers seizing control of the litigation, contrary to Congress's intent, the inherent inefficiencies of too many cooks in the kitchen, and the potential for undue pressure on the lead plaintiff. *See, e.g. Vincelli,* 112 F. Supp. 2d at 1315-16 (rejecting the litigation by committee approach); *Roth v. Knight Trading Group,* 228 F. Supp.2d 524,

531 (D. N.J. 2002) (rejecting co-lead counsel proposal, noting "there need be only one cook for this broth"); *In re Nice Systems Securities Litigation,* 188 F.R.D. 206 (D.N.J. 1999) (rejecting "liason" counsel). This Court agrees with the observation that "the number of lead counsel should not be so large as to hamper the unity of direction that is needed." *See Ballan v. Upjohn Co.,* 159 F.R.D. 473, 491 (W.D. Mich. 1994) (quoting Manual for Complex Litigation 2nd § 20.22 at 16).

Here, no explanation is offered as to why Lead Plaintiff requires two law firms to prosecute this action. The Court notes initially that the Movant provided only firm biographies, and the proposed counsel have not set forth their staffing plan for prosecuting this action. It appears from the resume of the Shepherd firm that they are well-versed in the vagaries of securities class action litigation; the resume notes that the firm is "actively involved in the litigation of individual and class action cases alleging securities fraud," and a representative dozen are listed. This would normally lead to a conclusion that the class would be well-represented by this firm. Yet the Movant also seeks additional counsel via association with the Edgar firm; thus, suggesting, perhaps, that the Shepherd firm deems itself somehow inadequate to the task. In seeking approval of the Edgar firm, Movant does not state why this additional firm is needed, nor does the motion identify what role the Edgar Firm will play if approved as co-counsel. No explanation is offered as to what duties will be performed by either firm, nor why such duties could not be performed by the many attorneys of the Shepherd firm, and its stable of "contract attorneys, investigators, economists, accountants and other experts that [it] regularly engages to assist it in representing the Firm's clients." (Doc. No. 19 - Exhibit B at 6).

Although the litigation is in the preliminary stages, the fairly narrow scope of the Class (defined to encompass only those who acquired Faro securities in a time frame of slightly less than

18 months) gives no indication that the Class will be unwieldy or that this litigation will be exceedingly complex or otherwise deserving of multiple counsel. On the limited record before the Court, approval of two law firms to represent the Lead Plaintiff is not warranted. *See Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061 (C.D. Cal. 1999) (appointment of only one rather than three law firms to represent investors in putative securities fraud class action would best serve the purposes of PSLRA; lead plaintiffs were more likely to develop a strong attorney-client relationship and be able to monitor and control class counsel if only one law firm served); *In re Nortel Networks Corp.,* 2002 WL 1492116 (S.D. N.Y. 2002) (one lead counsel "clearly" most appropriate, noting that so many lawyers leads to confusion).

"Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *Vincelli,* 112 F. Supp.2d at 1315 (internal citations omitted). As the Court has no way of knowing from the sparse record before it if either firm is suitably effective to represent the class, no such appointment should be made at this point. Movant is **ordered** to file additional submissions which address the general staffing plan for the litigation and the suitability of proposed counsel to the task at hand. To the extent appointment of multiple firms is requested, Movant shall make a showing as to the need for additional counsel, the particular tasks or duties of additional counsel and why those tasks cannot be managed by a single firm. Moreover, Movant shall make a showing sufficient to assure the Court that wasteful duplication of services (with resulting increased attorney's fees) will not occur, and that the Lead Plaintiff will continue to be in charge of the management of the direction of the case. *Nice Systems,* 188 F.R.D. at 223 ("[T]hose seeking the appointment of more than one law firm must demonstrate the lead plaintiff will be able to withstand any limitation on, or usurpation of,

control, and effectively supervise the law firms acting as lead counsel.")  It is therefore **respectfully recommended** that the motion be **denied** to the extent it seeks approval of Lead Counsel, pending the additional filings.

### CONCLUSION

For the foregoing reasons, it is therefore **respectfully recommended** that the motions be **granted, in part, and denied, in part, as follows:**

1) The action should be consolidated, with  the lowest numbered Goldberger case being the Lead Case; and the action should be re-captioned as "*In re Faro Technologies Securities Litigation*", Case No. 6:05cv1810-22DAB. All future papers, pleadings and motions should be filed in this re-captioned lead case.  The Clerk should be directed to close the other dockets administratively.

2) It is **further recommended** that Movant Kornitzer be appointed Lead Plaintiff;

3) It is **further recommended** that the motion be **denied,** to the extent it seeks approval of the nominated law firms as Lead Counsel, without prejudice to reconsideration, upon the filing of additional submissions, as ordered above.

Following resolution of the lead counsel issue, the District Court should enter an Order allowing Lead Plaintiff to file an Amended Complaint, effectuating the consolidation of the related cases, granting Defendant a sufficient amount of time to answer the Complaint; and directing the parties to file a Case Management Report.  A case Management Conference can then be scheduled.

Case 3:19-cv-05857-SI   Document 33-2   Filed 11/25/19   Page 12 of 12

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended and Ordered in Orlando, Florida on March 10, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy