Melissa A. Fortunato (CA BAR #319767)
Marion C. Passmore (CA BAR #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149
Email: fortunato@bespc.com
           passmore@bespc.com

*Counsel for Fiyyaz Pirani*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, GRAHAM SMITH, ACCEL GROWTH FUND IV ASSOCIATES L.L.C., ACCEL GROWTH FUND INVESTORS 2016 L.L.C., ACCEL LEADERS FUND ASSOCIATES L.L.C., ACCEL LEADERS FUND INVESTORS 2016 L.L.C., ACCEL X ASSOCIATES L.L.C., ACCEL INVESTORS 2009 L.L.C., ACCEL XI ASSOCIATES L.L.C., ACCEL INVESTORS 2013 L.L.C., ACCEL GROWTH FUND III ASSOCIATES L.L.C., AH EQUITY PARTNERS I L.L.C., A16Z SEED-III LLC, SOCIAL+ CAPITAL PARTNERSHIP GP II, L.P., SOCIAL+CAPITAL PARTNERSHIP GP II LTD., SOCIAL+CAPITAL PARTNERSHIP GP III LP, SOCIAL+ CAPITAL PARTNERSHIP GP III, LTD., SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP L.P., and SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP LTD.,<br><br>Defendants. | Case No. 3:19-CV-05857-SI<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br><br><br>**Hearing**<br>Date:  March 6, 2020<br>Time: 10:00 a.m.<br>Location:  Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston |

Lead Plaintiff Fiyyaz Pirani ("Plaintiff") respectfully requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence and the doctrine of incorporation by reference, of nine documents submitted in support of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint ("AC") (ECF No. 52).  These documents are attached as exhibits ("Ex. __") to the Declaration of Melissa A. Fortunato ("Fortunato Declaration"), filed concurrently herewith.

## I.    ARGUMENT

On a motion to dismiss under federal securities laws, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents "may be incorporated by reference if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").  Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute when such facts are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned."  Fed. R. Evid. 201(b); *see also Frederickson v. Davis*, No. 17-cv-03994-CRB (PR), 2018 U.S. Dist. LEXIS 226559, at *3-4 (N.D. Cal. Nov. 15, 2018).  As discussed herein, Plaintiff submits eight documents, all of which are proper subjects of judicial notice.

Exhibits 1, 2, and 5 are all public records, and specifically:  (1) Senate Committee on Banking and Currency S. Rep. No. 73-47 (1933); (2) the Message from the President - Regulation of Securities Issues, Presented to the Senate, March 28, 1933, 77 CONG. REC. 937 (1933); and (3) House of Representatives Committee on Interstate and Foreign Commerce H.R. Rep. 73-85 (1933).  These documents are clearly "matters of public record" as "they are publicly available government records." *Siebert v. Gene Sec. Network, Inc.*, 75 F. Supp. 3d 1108, 1111 n.2 (N.D. Cal. 2014) (citing *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)); *see also Ritchie*, 342 F.3d at 909 ("Courts may take judicial notice of some public records, including the records and reports of

1

administrative bodies.") (internal quotations omitted). Further, the "Ninth Circuit has approved taking judicial notice of legislative history." *Amaro v. Gerawan*, No. 1:14-cv-00147-DAD-SAB, 2016 U.S. Dist. LEXIS 112540, at *12 n.4 (E.D. Cal. Aug. 22, 2016) (internal citation omitted) (approving request for judicial notice of "various government records concerning [] legislative history"). As the accuracy of these documents cannot reasonably be questioned, the contents should be treated as judicially noticed facts.

Similarly, Exhibit 3, a chart reflecting Slack Technologies, Inc's ("Slack") stock prices is appropriate for judicial notice because the accuracy of the information cannot reasonably be questioned. Fed. R. Evid. 201(b). Indeed, courts have consistently found that historical stock prices of publicly traded companies are judicially noticeable. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) ("reported stock price history" proper subject of judicial notice); *In re Copper Mt. Secs. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice.").

A "document referenced in a complaint" as well as "documents filed with the SEC" are subject to judicial notice on a motion to dismiss. *See Lambert v. Baker Tilly H.K.*, No. 2:14-cv-9959-CBM-(MANx), 2016 U.S. Dist. LEXIS 184752, at *7 (C.D. Cal. May 23, 2016) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)); *see also Pirelli Armstrong Tire Corp., Retiree Med. Benefits Trust v. Stumpf*, No. C 11-2369 SI, 2012 U.S. Dist. LEXIS 16066, at *11 (N.D. Cal. Feb. 8, 2012) (Illston, J.) ("In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted."). Exhibit 4 is the Forms 4 for various defendants, each filed with the U.S. Securities and Exchange Commission (the "SEC") and are "explicitly relied upon in the complaint" with respect to those defendants' sales of Slack stock (AC ¶¶ 19-22, 25, 26, 30-32). Accordingly, the Forms 4 may be judicially noticed here.[1]

---

[1] Defendants agree that Slack's SEC filings are subject to judicial notice. *See* ECF No. 53.

Fianlly, the Court should also take judicial notice of Exhibits 6, 7, 8, and 9, all of which are publicly available news articles discussing Slack's stock direct public offering.  As discussed above, in accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters of public record.  Further, judicial notice of these articles is appropriate because, as courts in this Circuit recognize, "[i]t is appropriate for the court to take judicial notice of news articles regarding defendants' stock or corporate activities . . . even though the complaint does not mention [the] particular article." *Teamsters Local 617 Pension & Funds v. Apollo Grp., Inc.*, 633 F. Supp. 2d 763, 777 (D. Ariz. 2009) (citing *Helitrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999); *see also Patel v. Parnes*, 253 F.R.D. 531, 549 (C.D. Cal. 2008).  Therefore, these articles are appropriate for judicial notice.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Request for Judicial Notice of Exhibits to the Fortunato Declaration.

DATED:  February 6, 2020

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 365-7149
Email:  fortunato@bespc.com
        passmore@bespc.com

- and -

Lawrence P. Eagel (*admitted pro hac vice*)
W. Scott Holleman (#310266)
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5888
Facsimile: (212) 504-3260
Email:  eagel@bespc.com
        holleman@bespc.com

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-CV-05857-SI