# Exhibit 5

73D CONGRESS   } HOUSE OF REPRESENTATIVES {   REPORT
1st Session   }   { No. 85

# FEDERAL SUPERVISION OF TRAFFIC IN INVESTMENT SECURITIES IN INTERSTATE COMMERCE

MAY 4, 1933.—Committed to the Committee of the Whole House on the state of the Union and ordered to be printed

Mr. RAYBURN, from the Committee on Interstate and Foreign Commerce, submitted the following

# REPORT

[To accompany H.R. 5480]

The Committee on Interstate and Foreign Commerce, to whom was referred the bill (H.R. 5480) to provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails, and to prevent frauds in the sale thereof, and for other purposes, report favorably thereon and recommend that the bill do pass with the following amendments:

Page 6, line 18, strike out "or any political".

Page 6, line 19, strike out "subdivision thereof" and insert "or by any political subdivision of a State or Territory, or by any public instrumentality of one or more States or Territories exercising an essential governmental function".

Page 6, line 23, after the words "national bank," insert "or by any banking institution organized under the laws of any State or Territory, the business of which is substantially confined to banking and is supervised by the State or territorial banking commission or similar official;".

Page 8, line 19, after the word "underwriter" insert "and not involving any public offering".

## I. INTRODUCTORY STATEMENT

### 1. THE PRESIDENT'S MESSAGE

On March 29, 1933, the President sent the following message to Congress:

*To the Congress:*

I recommend to the Congress legislation for Federal supervision of traffic in investment securities in interstate commerce.

In spite of many State statutes the public in the past has sustained severe losses through practices neither ethical nor honest on the part of many persons and corporations selling securities.

SECURITIES IN INTERSTATE COMMERCE                                   21

### SECTION 9. COURT REVIEW OF ORDERS

Any person aggrieved by an order of the Commission may obtain a review of such order on questions of law in the Court of Appeals of the District of Columbia. The jurisdiction of such court is exclusive, and its judgment and decree final, subject to review by the Supreme Court of the United States. Proceedings before the court, unless specifically ordered by the court, do not operate as a stay of any order of the Commission.

### SECTION 10. INFORMATION REQUIRED IN PROSPECTUS

(a) A prospectus must contain the same statements made in the registration statement, except that the documents accompanying the registration statement need not be included.

(b) Notwithstanding the provisions of subsection (a), (1) when a prospectus is used more than 12 months after the effective date of the registration statement, the information contained therein must be of a date not more than 12 months prior to its use, (2) there may be omitted from the prospectus any of the statements that would otherwise be required under subsection (a), which the Commission may by rules and regulations designate as not being necessary or appropriate in the public interest or for the protection of investors, and (3) the prospectus must contain such other information as the Commission may by rules or regulations require as being necessary or appropriate in the public interest or for the protection of investors. The Commission is given power to classify prospectuses according to the nature and circumstances of their use and to prescribe as to each class the form and contents which it may find appropriate to such use and consistent with the public interest and protection of investors. Copies of all radio broadcasts must be filed with the Commission, and the Commission may by rules and regulations require the filing with it of forms of prospectuses used or to be used in connection with the sale of any securities registered under the act.

### SECTION 11. CIVIL LIABILITIES ON ACCOUNT OF FALSE REGISTRATION STATEMENT

(a) In case any part of the registration statement contained, at the time it became effective, an untrue statement of a material fact or omitted to state a material fact, any person who shall have acquired such security (unless it be proved that at the time of the acquisition he knew of such untruth or omission) is given the right to sue either at law or in equity in any court of competent jurisdiction—(1) every person who signed the registration statement; (2) every person who was a director of (or person performing similar functions) or partner in, the issuer at the time of the filing of the registration statement; (3) every person who with his consent is named in the registration statement as being or about to become a director, a person performing similar functions, or a partner; (4) every accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by him, who has prepared or certified any part of the registration statement, with respect to the part prepared or certified by him; (5) every underwriter.

22                SECURITIES IN INTERSTATE COMMERCE

Inasmuch as the value of a security may be affected by the information given in the registration statement, irrespective of whether a particular sale takes place in interstate or intrastate commerce, the civil remedies accorded by this subsection against those responsible for a false or misleading statement filed with the Federal Trade Commission are given to all purchasers regardless of whether they bought their securities in an interstate or intrastate transaction and regardless of whether they bought their securities at the time of the original offer or at some later date, provided, of course, that the remedy is prosecuted within the period of limitations provided by section 13.   In this connection, it must be borne in mind that no one is obliged to register a security under this act unless he desires to make use of the mails or of the channels of interstate or foreign commerce in the distribution of the security.   But if a person does avail himself of the privilege of registration accorded by this act, it is obviously within the constitutional power of Congress to accord a remedy to all purchasers who may reasonably be affected by any statements in the registration statement. The separability clause in section 25 of the bill makes certain that congressional power in this instance has been vested as far and to whatever circumstances the Constitution allows.

(*b*) The provisions of subsection (a), however, do not impose an absolute liability.   Any person liable under such subsection, other than an issuer, may exempt himself if he sustains the burden of proof—

(1) That before the effective date of the registration statement with respect to which his liability is asserted (A) he had resigned from or had taken steps permitted by law to resign from or ceased or refused to act in, every official capacity or relationship in which he was described in the registration statement as acting or agreeing to act; (B) he had advised the Commission and the issuer in writing that he had taken such action and that he would not be responsible for such registration statement (of course, the Commission upon being so advised would not permit a registration statement to become effective until the name of the person disavowing responsibility was removed from the registration statement and the Commission would be put on its guard, unless such disavowal was clearly explained, to investigate the truth and adequacy of the statement); or

(2) That if the registration statement became effective without his knowledge, upon becoming aware of such fact, he forthwith acted and advised the Commission, in accordance with paragraph (1), and in addition gave reasonable public notice that the registration statement had become effective without his knowledge; or

(3) That as regards any part of the registration statement not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a public official document or statement, he had, after reasonable investigation, reasonable ground to believe and did believe, at the time such registration statement became effective, that the statements therein were true and that there was no omission to state a material fact; and as regards any part of the registration statement purporting to be made on the authority of an expert, or purporting to be a copy of or extract from a report or valuation of an expert, or purporting to be made on the authority of a public official document or statement, he had

reasonable ground to believe and did believe, at the time the registration statement became effective, that the statements therein were true and that there was no omission to state a material fact, and that the registration statement fairly represented the statement of the expert or of the official person, or was a fair copy of or extract from the report or valuation of the expert, or was a fair copy of or extract from the public official document.

(c) In determining for the purpose of paragraph (3) of subsection (b) of this section what constitutes reasonable investigation and reasonable ground for belief, the standard of reasonableness shall be that required of a person occupying a fiduciary relationship. While subsections (b) and (c) permit a person who has conscientiously and with competence met the responsibilities of his trusteeship to be relieved of liability, they prevent any person who has not fulfilled his trust from escaping liability by any trick of procedure or unjustified delegation of his duties.

(d) If any person becomes an underwriter after the part of the registration statement with respect to which his liability is asserted, has become effective, then for the purposes of paragraph (3) of subsection (b) such part of the registration statement is considered as having become effective with respect to him as of the time when he became an underwriter.

(e) Suits authorized under subsection (a) may be either (1) to recover the consideration paid for such securities with interest thereon, less the amount of any income received thereon, upon the tender of such security, or (2) for damages if the person suing no longer owns the security.

(f) All or any one or more of the persons specified in subsection (a) are jointly and severally liable, but contribution is allowed among them as in cases of contract, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation.

(g) In no case is the amount recoverable under this section to exceed the price at which the security was offered to the public.

### SECTION 12. CIVIL LIABILITIES ARISING IN CONNECTION WITH PROSPECTUSES AND COMMUNICATIONS

If any person (1) sells a security in violation of section 5, or (2) sells a security, whether or not exempted by section 3, by the use of the instruments of interstate or foreign commerce or of the mails by means of a prospectus or oral communication which includes an untrue statement of a material fact or omits to state a material fact (the purchaser not knowing of such untruth or omission) and does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, he is made liable to the person purchasing such security from him, and the purchaser may sue either at law or in equity in any court of competent jurisdiction to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security. The committee has deemed this shift in the burden of proof as both just and necessary, inasmuch as the knowledge of the seller as to any flaw in his selling statements