UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIYYAZ PIRANI,<br><br>            Plaintiff,<br><br>    v.<br><br>SLACK TECHNOLOGIES, INC., *et al.*,<br><br>            Defendants. | Case No. 19-cv-05857-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; AND CERTIFICATION**<br><br>Re: Dkt. No. 76 |

Defendants' motion to certify this Court's April 21, 2020 order for interlocutory appeal is scheduled for a hearing on June 12, 2020. Pursuant to Civil Local Rule 7-1(b) and General Order 72-3, the Court VACATES the hearing on this matter. For the reasons set forth below, the Court GRANTS defendant's motion and CERTIFIES the standing analysis of the April 21, 2020 order for interlocutory appeal. The Court schedules an initial case management conference for **August 14, 2020** at **2:30 p.m.** If the Ninth Circuit accepts interlocutory appeal, the parties shall immediately notify the Court and the Court will vacate the case management conference and stay this action.

**DISCUSSION**

Defendants seek certification for interlocutory appeal of this Court's ruling in the April 21, 2020 order that plaintiff has adequately pleaded standing under Sections 11 and 12(a)(2) of the Securities Act of 1933 even though plaintiff did not and cannot allege that he purchased shares registered under and traceable to Slack's Registration Statement. As set forth in the April 21, 2020 order, the Court held that an investor who purchases a security in the unique context of a direct listing, where registered and unregistered shares become publicly tradeable at the same time, may bring a claim under Section 11. The Court based its ruling on a "broader reading" of the words

"such security" in Section 11 that permits standing where a shareholder "'acquir[ed] a security of the same nature as that issued pursuant to the registration statement.'" Order at 8-9 (quoting *Barnes v. Osofsky*, 373 F.3d 269, 271 (2d Cir. 1967)). The Court's order noted, *inter alia*, that applying the "narrow reading" of "such security" requiring tracing for Section 11 standing would result in the elimination of civil liability under the Securities Act for direct listings like Slack's, which would be "at variance with the policy of this remedial legislation." *Id*. at 12-13. The Court applied the same rationale to hold that plaintiff has standing under Section 12(a)(2). *Id*. at 17.

28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appellate review where the order involves (1) "a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* at 1026.

Defendants contend that all of the requirements for interlocutory appeal are met here. The Court agrees and finds that this is an exceptional situation warranting interlocutory appeal. Whether plaintiff has standing under the Securities Act is a controlling issue of law. *See Asis Internet Servs. v. Active Response Group*, No. C 07-6211 TEH, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) ("Whether Plaintiffs have standing to bring the case is a controlling question of law."). Plaintiff asserts that the Court's standing ruling involved a mixed question of fact and law inappropriate for certification. However, plaintiff does not explain this assertion, and to the contrary, the standing issue here is purely legal as the operative facts regarding plaintiff's purchases in the direct listing and inability to trace are undisputed. The Ninth Circuit will be able to decide this question "quickly and cleanly without having to study the record . . . ." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000).

The second requirement is met because the question of whether shareholders can establish standing under Sections 11 and 12(a)(2) in connection with a direct listing is one of first impression

2

on which fair-minded jurists might disagree. The Court disagrees with plaintiff's characterization of the issue as "not difficult." No other court has addressed how Section 11 applies in the context of a direct listing, and the Court recognizes that its application of the "broader reading" of "such security" breaks new ground.

Finally, interlocutory review of the April 21 order is in the interest of judicial economy and will materially advance this litigation. If the Ninth Circuit agrees with defendants that plaintiff lacks standing, this case will be dismissed and the parties will avoid expending significant time and expenses on litigation.

## CONCLUSION

Accordingly, the Court GRANTS defendant's motion to certify the April 21, 2020 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and CERTIFIES for interlocutory appeal the portions of the Court's April 21, 2020 order finding that plaintiffs have standing to sue under Sections 11 and 12(a)(2) of the Securities Act of 1933. The Court schedules an initial case management conference for **August 14, 2020** at **2:30 p.m.** If the Ninth Circuit accepts interlocutory appeal, the parties shall immediately notify the Court and the Court will vacate the case management conference and stay this action.

**IT IS SO ORDERED**.

Dated: June 5, 2020

SUSAN ILLSTON
United States District Judge