GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
RAENA FERRER CALUBAQUIB, SBN 328794
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, | Case No. 3:19-cv-05857-SI |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, GRAHAM SMITH, ACCEL GROWTH FUND IV ASSOCIATES L.L.C., ACCEL GROWTH FUND INVESTORS 2016 L.L.C., ACCEL LEADERS FUND ASSOCIATES L.L.C., ACCEL LEADERS FUND INVESTORS 2016 L.L.C., ACCEL X ASSOCIATES L.L.C., ACCEL INVESTORS 2009 L.L.C., ACCEL XI ASSOCIATES L.L.C., ACCEL INVESTORS 2013 L.L.C., ACCEL GROWTH FUND III ASSOCIATES L.L.C., AH EQUITY PARTNERS I L.L.C., A16Z SEED-III LLC, SOCIAL+ CAPITAL PARTNERSHIP GP II, L.P., SOCIAL+CAPITAL PARTNERSHIP GP II LTD., SOCIAL+CAPITAL PARTNERSHIP GP III LP, SOCIAL+ CAPITAL PARTNERSHIP GP III, LTD., SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP L.P., AND SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP LTD., | |
| Defendants. | |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

Defendants Slack Technologies, Inc. ("Slack"), Stewart Butterfield, Allen Shim, Brandon Zell, Andrew Braccia, Edith Cooper, Sarah Friar, John O'Farrell, Chamath Palihapitiya, Graham Smith, Accel Growth Fund IV Associates L.L.C., Accel Growth Fund Investors 2016 L.L.C., Accel Leaders Fund Associates L.L.C., Accel Leaders Fund Investors 2016 L.L.C., Accel X Associates L.L.C., Accel Investors 2009 L.L.C., Accel XI Associates L.L.C., Accel Investors 2013 L.L.C., Accel Growth Fund III Associates L.L.C., AH Equity Partners I L.L.C., A16Z Seed-III LLC, Social+Capital Partnership GP II L.P., Social+Capital Partnership GP II Ltd., Social+Capital Partnership GP III L.P., Social+Capital Partnership GP III Ltd., Social+Capital Partnership Opportunities Fund GP L.P., and Social+Capital Partnership Opportunities Fund GP Ltd. (collectively, "Defendants"), through their undersigned counsel, hereby answer the Amended Class Action Complaint, ECF No. 42, filed by Plaintiff Fiyyaz Pirani ("Plaintiff") against Defendants.

Any allegation not explicitly admitted is denied. Defendants do not, by noting or admitting that the Amended Class Action Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Amended Class Action Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, Defendants deny the allegations. To the extent footnotes in the Amended Class Action Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is Defendants' response to the footnote as well. In answer to the Amended Class Action Complaint, Defendants state as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      Defendants admit that Plaintiff initiated a putative class action lawsuit under federal securities laws, including under Sections 11, 12, and 15 of the Securities Act of 1933. Defendants further admit that a maximum of approximately 283 million shares of Slack's Class A common stock were available to trade on or around June 20, 2019, but deny that "the Company's registration statement and prospectus . . . offered" such shares. Defendants need not respond to the allegations in paragraph 1 inasmuch as they constitute legal conclusions. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 1.

Gibson, Dunn & Crutcher LLP

1

2.    Defendants admit that Slack is a technology company based in San Francisco that offers a platform that may replace the use of email inside an organization.  Defendants further admit that this platform includes the ability to create team-based channels, which channels may contain conversations, data, documents, and application workflows relevant to a project or topic.  Defendants further admit that Slack integrates with numerous third-party applications.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 2.

3.    Defendants admit that at the time of the filing of the Amended Class Action Complaint, Slack offered four subscription plans: Free, Standard, Plus, and Enterprise Grid. Defendants further admit that, prior to Slack's direct listing, Slack entered into SLAs with Plus and Enterprise Grid customers that included, among other provisions, a 99.99% uptime commitment. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 3.

4.    Defendants admit that up to 118,429,460 shares of Slack's Class A common stock were registered for resale on the NYSE, that approximately 164,932,646 shares exempt from the registration requirements of the Securities Act also could be resold on the NYSE, and that some such shares became available for trading on the NYSE on June 20, 2019, under the symbol "WORK," but deny that "the Company[] . . . offer[ed]" any stock "for sale to the public."  Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 4.

5.    Defendants admit that in the second quarter of fiscal year 2020, Slack issued credits related to service level disruption in the quarter.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 5.

6.    Defendants aver that Slack's listing materials, and the terms of Slack's SLAs, speak for themselves.  Defendants lack sufficient knowledge regarding the allegation that Slack's uptime commitment was "far out of line with industry standards," and on that basis, deny it.  Defendants aver that inasmuch as the allegations in paragraph 6 purport to characterize or quote articles published by Markets Insider and CNBC, respectively, on September 5, 2019, Defendants deny that they have

2

Gibson, Dunn &
Crutcher LLP

been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 6.

7.      Defendants need not respond to the allegations in paragraph 7 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

8.      Defendants need not respond to the allegations in paragraph 8 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

9.      Defendants aver that Slack's second quarter results for fiscal year 2020, including Slack's press release thereabout, speak for themselves.  Defendants lack sufficient knowledge regarding the allegation that Slack's "uptime requirement is an extraordinary and unusual standard in the industry," and on that basis, deny it.  Defendants aver that inasmuch as the allegations in paragraph 9 purport to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 9.

10.      Defendants aver that Slack's stock price on the NYSE at various points in time speaks for itself.  Defendants admit that certain Defendants sold certain of their shares of Slack Class A common stock after Slack's stock began being traded on the NYSE.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 10.

11.      Defendants need not respond to the allegations in paragraph 11 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  To the extent that certain of these allegations are deemed to be factual, Defendants aver that Slack's listing materials, and the terms of Slack's SLAs, speak for themselves.  Defendants further aver that inasmuch as paragraph 11 purports to characterize or quote Slack's press release regarding its second quarter 2020 fiscal year financial results, or Slack's September 4, 2019 earnings call, Defendants deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 11, and in particular deny the allegation that Slack's listing materials contained false or misleading statements or were negligently prepared.

12.    Defendants need not respond to the allegations in paragraph 12 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, and in particular deny the allegation that Defendants engaged in any wrongful acts or omissions.

## JURISDICTION

13.    Defendants need not respond to the allegations in paragraph 13 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

14.    Defendants admit that this court has subject matter jurisdiction over this case.

15.    Defendants admit that venue is proper in this judicial district.

16.    Defendants need not respond to the allegations in paragraph 16 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants admit that they used certain instrumentalities of interstate commerce in effecting Slack's direct listing.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 16.

## PARTIES

17.    Defendants need not respond to the allegations in paragraph 17 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.

18.    Defendants admit that Slack is incorporated in Delaware and headquartered in San Francisco, California.  Defendants further admit that Slack's Class A common stock is traded on the NYSE under the ticker symbol "WORK."  Defendants need not respond to the allegations in paragraph 18 inasmuch as they constitute legal conclusions.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 18.

19.    Defendants admit that Stewart Butterfield is, and was at the time of Slack's direct listing, CEO and Chairman of the Board of Slack.  Defendants further admit that Mr. Butterfield co-founded Slack.  Defendants further admit that Mr. Butterfield signed Slack's listing materials.  Defendants aver that Mr. Butterfield's transactions of Slack stock are a matter of public record in

Gibson, Dunn &
Crutcher LLP

SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Mr. Butterfield's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 19.

20. Defendants admit that Allen Shim is, and was at the time of Slack's direct listing, CFO of Slack. Defendants further admit that Mr. Shim signed Slack's listing materials. Defendants aver that Mr. Shim's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Mr. Shim's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 20.

21. Defendants admit that Brandon Zell was CAO of Slack at the time of Slack's direct listing. Defendants further admit that Mr. Zell signed Slack's listing materials. Defendants aver that Mr. Zell's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Mr. Zell's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 21.

22. Defendants admit that Andrew Braccia is, and was at the time of Slack's direct listing, a director of Slack. Defendants further admit that Mr. Braccia works at Accel, and that prior to Slack's direct listing, Accel was a Slack stockholder. Defendants further admit that Mr. Braccia signed Slack's listing materials. Defendants aver that Accel's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Accel's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and

Gibson, Dunn & Crutcher LLP

5

that Slack's listing materials speak for themselves. Defendants need not respond to the allegations in paragraph 22 inasmuch as they constitute legal conclusions, including the allegation that Mr. Braccia "controlled" a certain amount of voting power. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 22.

23. Defendants admit that Edith Cooper is, and was at the time of Slack's direct listing, a director of Slack. Defendants further admit that Ms. Cooper signed Slack's listing materials. Defendants aver that Ms. Cooper's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 23.

24. Defendants admit that Sarah Friar is, and was at the time of Slack's direct listing, a director of Slack. Defendants further admit that Ms. Friar signed Slack's listing materials. Defendants aver that Ms. Friar's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Ms. Friar's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 24.

25. Defendants admit that John O'Farrell is, and was at the time of Slack's direct listing, a director of Slack. Defendants further admit that Mr. O'Farrell works at Andreessen Horowitz, and that prior to Slack's direct listing, Andreessen Horowitz was a Slack stockholder. Defendants further admit that Mr. O'Farrell signed Slack's listing materials. Defendants aver that Andreessen Horowitz's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves. Defendants further aver that Andreessen Horowitz's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Defendants need not respond to the allegations in paragraph 25 inasmuch as they constitute legal conclusions, including the allegation that Mr. O'Farrell "controlled"

Gibson, Dunn & Crutcher LLP

6

a certain amount of voting power.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 25.

26.    Defendants admit that Chamath Palihapitiya was a director of Slack at the time of Slack's direct listing.  Defendants further admit that Mr. Palihapitiya is the founder and CEO of Social Capital, and that prior to Slack's direct listing, Social Capital was a Slack stockholder.  Defendants further admit that Mr. Palihapitiya signed Slack's listing materials.  Defendants aver that Social Capital's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves.  Defendants further aver that Social Capital's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves.  Defendants need not respond to the allegations in paragraph 26 inasmuch as they constitute legal conclusions, including the allegation that Mr. Palihapitiya "controlled" a certain amount of voting power.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 26.

27.    Defendants admit that Graham Smith is, and was at the time of Slack's direct listing, a director of Slack.  Defendants further admit that Mr. Smith signed Slack's listing materials.  Defendants aver that Mr. Smith's transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves.  Defendants further aver that Mr. Smith's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 27.

28.    Defendants aver that no response is required to the allegation in paragraph 28.

29.    Defendants aver that no response is required to the allegation in paragraph 29.

30.    Defendants aver that Accel's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 30.

Gibson, Dunn & Crutcher LLP

7

**31.**     Defendants aver that Andreessen Horowitz's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 31.

**32.**     Defendants aver that Social Capital's ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 32.

**33.**     Defendants aver that no response is required to the allegation in paragraph 33.

**34.**     Defendants admit that Slack's bylaws contain indemnification provisions that affect Slack's directors and officers.  Defendants further admit that Slack entered into agreements that contain indemnification provisions that affect the respective Venture Capital Defendants.  Defendants further admit that Slack maintains directors and officers insurance, which may under certain circumstances provide coverage to Slack's directors and officers.  Defendants aver that Defendants' transactions of Slack stock are a matter of public record in SEC filings and are equally available to Plaintiff, and that such filings speak for themselves.  Defendants further aver that Defendants' ownership of Slack stock prior to Slack's direct listing is a matter of public record in Slack's listing materials and is equally available to Plaintiff, and that Slack's listing materials speak for themselves. Defendants need not respond to the allegations in paragraph 34 inasmuch as they constitute legal conclusions, including the allegations that the Venture Capital Defendants "controlled" Slack. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 34.

**35.**     Defendants need not respond to the allegations in paragraph 35 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

**36.**     Defendants admit that prior to Slack's direct listing, Defendants conducted reasonable investigations, had reasonable grounds to believe, and did believe, that the statements in Slack's listing materials were true and that there was no omission of a material fact required to be stated

Gibson, Dunn &
Crutcher LLP

therein or necessary to make the statements therein not misleading.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 36.

37.    Defendants admit that certain of them were involved in the preparation of Slack's direct listing and in making relevant responses to the SEC.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 37.

## CLASS ACTION ALLEGATIONS

38.    Defendants need not respond to the allegations in paragraph 38 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

39.    Defendants admit that shares of Slack's Class A common stock were traded on the NYSE.  Defendants need not respond to the allegations in paragraph 39 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 39.

40.    Defendants need not respond to the allegations in paragraph 40 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 40.

41.    Defendants need not respond to the allegations in paragraph 41 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 41.

42.    Defendants need not respond to the allegations in paragraph 42 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 42.

43.    Defendants need not respond to the allegations in paragraph 43 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants

Gibson, Dunn & Crutcher LLP

deny them, or lack sufficient knowledge to respond and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 43.

## SUBSTANTIVE ALLEGATIONS
### COMPANY BACKGROUND

44.   Defendants admit that Slack is a software company that was co-founded by Stewart Butterfield.  Defendants further admit that Slack is incorporated in Delaware and has its headquarters in San Francisco, California.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 44.

45.   Defendants admit that Mr. Butterfield co-founded Flickr before co-founding Tiny Speck, which was later renamed Slack Technologies, Inc.  Defendants further admit that Slack raised venture capital funds from Accel, Andreessen Horowitz, and others.  Except as expressly admitted, Defendants deny the remainder of the material factual allegations in paragraph 45, and need not respond to the immaterial allegations contained therein under Federal Rule of Civil Procedure 8(b).

46.   Defendants admit that Tiny Speck launched Glitch, but that Tiny Speck subsequently closed Glitch.  Except as expressly admitted, Defendants deny the remainder of the material factual allegations in paragraph 46, and need not respond to the immaterial allegations contained therein under Federal Rule of Civil Procedure 8(b).

47.   Defendants admit that after Tiny Speck closed Glitch, it launched Slack.  Except as expressly admitted, Defendants deny the remainder of the material factual allegations in paragraph 47, and need not respond to the immaterial allegations contained therein under Federal Rule of Civil Procedure 8(b).

48.   Denied.

49.   Defendants aver that inasmuch as the allegations in paragraph 49 purport to characterize or quote the descriptions of Slack's plans as described on Slack's website, those descriptions speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 49.

50.   Defendants aver that inasmuch as the allegations in paragraph 49 purport to characterize or quote the descriptions of Slack's plans as described on Slack's website, those

10

Gibson, Dunn &
Crutcher LLP

descriptions speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 50.

51.    Defendants need not respond to the allegations in paragraph 51 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

52.    Defendants need not respond to the allegations in paragraph 52 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

53.    Defendants need not respond to the allegations in paragraph 53 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

54.    Defendants need not respond to the allegations in paragraph 54 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

55.    Defendants need not respond to the allegations in paragraph 55 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

56.    Defendants need not respond to the allegations in paragraph 56 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

57.    Defendants need not respond to the allegations in paragraph 57 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

58.    Defendants need not respond to the allegations in paragraph 58 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

59.    Defendants need not respond to the allegations in paragraph 59 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

60.    Defendants need not respond to the allegations in paragraph 60 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

61.    Defendants need not respond to the allegations in paragraph 61 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

62.    Defendants need not respond to the allegations in paragraph 62 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  To the extent that a response is required, Defendants admit that, prior to Slack's direct listing, Slack entered into SLAs with Plus and Enterprise Grid customers that included, among other provisions, a

Gibson, Dunn & Crutcher LLP

99.99% uptime commitment.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 62.

63.    Defendants aver that inasmuch as the allegations in paragraph 63 purport to characterize or quote the terms of Slack's SLAs, those SLAs speak for themselves.  Defendants lack sufficient knowledge regarding the allegation that Slack's uptime commitment "stood out from its competitors," and on that basis, deny it.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 63.

64.    Defendants need not respond to the allegations in paragraph 64 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  To the extent that a response is required, Defendants admit that Slack has generally experienced daily active user growth since its inception.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 64.

65.    Defendants need not respond to the allegations in paragraph 65 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  To the extent that a response is required, Defendants aver that inasmuch as the allegations in paragraph 65 purport to characterize or quote statements made in Slack's listing materials, Slack's listing materials speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 65.

**SLACK'S DIRECT OFFERING**

66.    Defendants aver that inasmuch as the allegations in paragraph 66 purport to characterize or quote articles published in Bloomberg and Reuters, respectively, on January 11, 2019, those articles speak for themselves.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 66.

67.    Defendants lack sufficient knowledge to respond to the allegations in paragraph 67, and on that basis, deny them.

68.    Defendants lack sufficient knowledge to respond to the allegations in paragraph 68, and on that basis, deny them.

Gibson, Dunn &
Crutcher LLP

12

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

**69.** Defendants lack sufficient knowledge to respond to the allegations in paragraph 69, and on that basis, deny them.

**70.** Denied, and Defendants in particular deny the allegation that Defendants "wanted to cash out their stake in the Company as soon as possible."

**71.** Defendants aver that Slack's Form DRS, Form S-1, and amended Forms S-1 are equally available to Plaintiff and speak for themselves. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 71.

**72.** Defendants need not respond to the allegations in paragraph 72 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants admit that Slack hosted an "Investor Day" in New York City. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 72, and in particular deny the allegation that Defendants ever made false or misleading statements.

**73.** Defendants aver that inasmuch as the allegations in paragraph 73 purport to characterize or quote Slack's June 5, 2019 letter to the SEC, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 73, and in particular deny the allegation that certain Defendants "wished to cash in their early investment and stake in the Company as soon as possible."

**74.** Defendants admit that the SEC declared Slack's registration statement effective on June 7, 2019. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 74.

**75.** Defendants admit that Slack filed a prospectus on Form 424B4 on June 20, 2019. Defendants further admit that on June 20, 2019, shares of Slack's Class A common stock were offered for sale on the NYSE, but deny that all "Defendants . . . began to sell" stock on that day. Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 75.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

**THE COMPANY'S [ALLEGEDLY] FALSE AND/OR MISLEADING MATERIALS**

76. Defendants need not respond to the allegations in paragraph 76 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 76, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

**[ALLEGED] MISSTATEMENTS CONCERNING SLACK'S GROWTH STRATEGY AND GROWTH RATE**

77. Defendants need not respond to the allegations in paragraph 77 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

78. Defendants need not respond to the allegations in paragraph 78 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

79. Defendants need not respond to the allegations in paragraph 79 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

80. Defendants need not respond to the allegations in paragraph 80 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

81. Defendants need not respond to the allegations in paragraph 81 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

82. Defendants need not respond to the allegations in paragraph 82 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 82, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

**[ALLEGED] MISSTATEMENTS CONCERNING THE COMPANY'S COMPETITION**

83. Defendants need not respond to the allegations in paragraph 83 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

14

Gibson, Dunn &
Crutcher LLP

84.     Defendants need not respond to the allegations in paragraph 84 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

85.     Defendants need not respond to the allegations in paragraph 85 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 85, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

86.     Defendants need not respond to the allegations in paragraph 86 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

87.     Defendants need not respond to the allegations in paragraph 87 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

88.     Defendants need not respond to the allegations in paragraph 88 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

89.     Defendants need not respond to the allegations in paragraph 89 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

90.     Defendants need not respond to the allegations in paragraph 90 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

**[ALLEGED] MISSTATEMENTS CONCERNING THE SLACK APP'S VULNERABILITIES**

91.     Defendants need not respond to the allegations in paragraph 91 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

92.     Defendants need not respond to the allegations in paragraph 92 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

93.     Defendants need not respond to the allegations in paragraph 93 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

94.     Defendants need not respond to the allegations in paragraph 94 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  Except as expressly admitted, Defendants deny

Gibson, Dunn &
Crutcher LLP

the remainder of the factual allegations in paragraph 94, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

## [ALLEGED] MISSTATEMENTS CONCERNING SLACK'S UPTIME GUARANTEE

95.     Defendants need not respond to the allegations in paragraph 95 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.  To the extent that these allegations are deemed to be factual, Defendants aver that inasmuch as paragraph 95 purports to characterize or quote Slack's listing materials, Defendants deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 95.

96.     Defendants need not respond to the allegations in paragraph 96 inasmuch as they constitute legal conclusions, and/or inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order.  To the extent that these allegations are deemed to be factual, Defendants aver that Slack's listing materials, and the terms of Slack's SLAs, speak for themselves.  Defendants further aver that inasmuch as paragraph 96 purports to characterize or quote Slack's press release regarding its second quarter 2020 fiscal year financial results, or Slack's September 4, 2019 earnings call, Defendants deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 96, and in particular deny the allegation that Slack's listing materials contained false or misleading statements.

97.     Defendants need not respond to the allegations in paragraph 97 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, and in particular deny the allegation that Slack's listing materials contained inadequate disclosures.

98.     Defendants need not respond to the allegations in paragraph 98 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, and in particular deny the allegation that Slack's listing materials contained inadequate disclosures.

Gibson, Dunn &
Crutcher LLP

## EVENTS AND DISCLOSURES FOLLOWING THE OFFERING

**99.**    Defendants admit that on June 28, 2019, Slack suffered an outage.  Defendants lack sufficient knowledge to respond to the remaining allegations in paragraph 99, and on that basis, deny them.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 99.

**100.**    Defendants aver that Slack's June 28, 2019 incident summary report speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 100.

**101.**    Defendant aver that Slack's service update speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 101.

**102.**    Defendants aver that inasmuch as the allegations in paragraph 102 purport to characterize or quote an article published in Newsweek on June 28, 2019, that article speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 102.

**103.**    Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 103.

**104.**    Defendants aver that inasmuch as the allegations in paragraph 104 purport to characterize or quote Slack's July 18, 2019 article regarding a 2015 security incident, that article speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 104.

**105.**    Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 105.

**106.**    Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Defendants further aver that inasmuch as the allegations in paragraph 106 purport to characterize or quote Slack's June 28, 2019 incident summary report, Defendants deny that it has been accurately characterized.  Defendants further aver

17

Gibson, Dunn &
Crutcher LLP

that inasmuch as paragraph 106 purports to characterize or quote Slack's July 29, 2019 incident summary report, that report speaks for itself. Defendants admit that on July 29, 2019, Slack suffered an outage. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 106.

107. Defendants need not respond to the allegations in paragraph 107 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them.

108. Defendants aver that Slack's press release regarding its second quarter fiscal year 2020 financial results speaks for itself. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 108.

109. Defendants aver that inasmuch as paragraph 109 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 109.

110. Defendants aver that inasmuch as paragraph 110 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 110.

111. Defendants aver that inasmuch as paragraph 111 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 111.

112. Defendants aver that inasmuch as paragraph 112 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 112.

113. Defendants aver that inasmuch as paragraph 113 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 113.

114. Defendants aver that inasmuch as paragraph 114 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 114.

115. Defendants aver that inasmuch as paragraph 115 purports to characterize or quote Slack's September 4, 2019 earnings call, Defendants deny that it has been accurately characterized. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 115.

116. Defendants need not respond to the allegations in paragraph 116 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them. Inasmuch as a response is required, Defendants aver that Slack's Form 10-Q speaks for itself. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 116.

117. Defendants lack sufficient knowledge to respond to the allegations in paragraph 117, and on that basis, deny them. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 117.

118. Defendants need not respond to the allegations in paragraph 118 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them. To the extent that a response is required, Defendants aver that inasmuch as paragraph 118 purports to characterize or quote an article published in MarketWatch on September 5, 2019, that article speaks for itself. Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 118.

119. Defendants need not respond to the allegations in paragraph 119 inasmuch as they relate to claims that the Court dismissed in its April 21, 2020 order, and on that basis, deny them. Inasmuch as a response is required, Defendants aver that inasmuch as paragraph 119 purports to characterize or quote an article published on SeekingAlpha.com on September 5, 2019, that article

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 119.

120.    Defendants aver that inasmuch as paragraph 120 purports to characterize or quote an article published in TechTarget on September 5, 2019, that article speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 120.

121.    Defendants aver that inasmuch as paragraph 121 purports to characterize or quote an article published by CNBC on September 5, 2019, Defendants deny that it has been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 121.

122.    Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 122.

123.    Defendants aver that inasmuch as paragraph 123 purports to characterize or quote an article published by Bloomberg on September 5, 2019, that article speaks for itself.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 123.

124.    Defendants aver that inasmuch as paragraph 124 purports to characterize or quote an article published on SeekingAlpha.com on September 9, 2019, Defendants deny that it has been accurately characterized.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 124.

125.    Defendants aver that Slack's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 125.

## CAUSES OF ACTION

### COUNT I
**For [Alleged] Violations of Section 11 of the Securities Act**
**(Against the Company and the Individual Defendants)**

126.    Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

127.    Defendants need not respond to the allegations in paragraph 127 inasmuch as they constitute legal conclusions.

128.    Defendants need not respond to the allegations in paragraph 128 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

129.    Defendants need not respond to the allegations in paragraph 129 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

130.    Defendants need not respond to the allegations in paragraph 130 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.

131.    Defendants need not respond to the allegations in paragraph 131 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants admit that each of the Individual Defendants signed Slack's listing materials.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 131.

132.    Defendants need not respond to the allegations in paragraph 132 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

133.    Defendants need not respond to the allegations in paragraph 133 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.

134.    Defendants need not respond to the allegations in paragraph 134 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

135.    Defendants need not respond to the allegations in paragraph 135 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

136.    Defendants need not respond to the allegations in paragraph 136 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

137.    Defendants need not respond to the allegations in paragraph 137 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

## COUNT II
### For [Alleged] Violations of Section 12(a)(2) of the Securities Act
### (Against the Company and the Individual Defendants)

138.    Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

139.    Defendants need not respond to the allegations in paragraph 139 inasmuch as they constitute legal conclusions.

140.    Defendants need not respond to the allegations in paragraph 140 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

141.    Defendants need not respond to the allegations in paragraph 141 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

142.    Defendants need not respond to the allegations in paragraph 142 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

143.    Defendants need not respond to the allegations in paragraph 143 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them, or lack sufficient knowledge to respond and on that basis, deny them.

144.    Defendants need not respond to the allegations in paragraph 144 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

Gibson, Dunn &
Crutcher LLP

22

**145.** Defendants need not respond to the allegations in paragraph 145 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

**146.** Defendants need not respond to the allegations in paragraph 146 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

## COUNT III
### For [Alleged] Violations of Section 15 of the Securities Act
### (Against the Individual Defendants and the Venture Capital Defendants)

**147.** Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

**148.** Defendants need not respond to the allegations in paragraph 148 inasmuch as they constitute legal conclusions.

**149.** Defendants need not respond to the allegations in paragraph 149 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

**150.** Defendants need not respond to the allegations in paragraph 150 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

**151.** Defendants need not respond to the allegations in paragraph 151 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

**152.** Defendants need not respond to the allegations in paragraph 152 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

**153.** Defendants need not respond to the allegations in paragraph 153 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

Gibson, Dunn &
Crutcher LLP

## **PRAYER FOR RELIEF**

Defendants need not respond to the allegations in the Prayer for Relief inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual, Defendants deny them.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. As a defense to the Amended Class Action Complaint and each and every allegation contained therein, Defendants allege:

## **FIRST AFFIRMATIVE DEFENSE**

The Amended Class Action Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted against Defendants, including because Plaintiff, and the class that Plaintiff purports to represent, lacks standing to assert the causes of action alleged.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because they have not sufficiently pleaded the elements of each of their claims.

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the statutes that form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are inapplicable to Slack's direct listing.

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute and the Federal Rules of Civil Procedure.

Gibson, Dunn &
Crutcher LLP

24

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not sufficiently alleged, and cannot prove, that Defendants had actual knowledge of any forward-looking statements that are alleged to have constituted material misrepresentations or omissions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the listing materials and other information made available by Slack in connection with Plaintiff's alleged investments, and the investments of the class that Plaintiff purports to represent, sufficiently bespoke caution of the risks and material issues associated with investment in Slack, and accordingly any statements made by Defendants are not actionable under statutory and common law doctrines, including under 15 U.S.C. section 77z-2.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because non-issuer Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading, including under 15 U.S.C. section 77k(b)(3).

Gibson, Dunn & Crutcher LLP

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because non-issuer Defendants have acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions, including under 15 U.S.C. section 77*l*(a)(2).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because non-issuer Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law, nor did non-issuer Defendants directly or indirectly participate in, or induce, any unlawful acts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, has not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have purchased Slack shares as they did, even with full knowledge of the facts Plaintiff, and the class that Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff's alleged injuries, or the injuries of the class that Plaintiff purports to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants, including under 15 U.S.C. sections 77k(e) and 77*l*(b).

Gibson, Dunn & Crutcher LLP

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Slack's share value alleged to form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiff purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff and the class that Plaintiff purports to represent have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law, including under 15 U.S.C. section 77k(e).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part inasmuch as Plaintiff, or the class that Plaintiff purports to represent, sold his Slack shares for a greater price than the price at which he purchased them, and therefore suffered no losses from his purchase of Slack shares.

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

Gibson, Dunn &
Crutcher LLP

## TWENTIETH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Slack shares.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of, including but not limited to the investment risks and business factors associated with an investment in Slack.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, as sophisticated and knowledgeable investors, knew or should have known of the speculative nature and risks associated with an investment in Slack, and therefore Plaintiff, and the class that Plaintiff purports to represent, assumed the risk of any alleged damages proximately caused thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the class that Plaintiff purports to represent, of Slack shares, and were additionally included in the listing materials.

Gibson, Dunn & Crutcher LLP

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Defendants are entitled to recover contribution from Plaintiff, and the class that Plaintiff purports to represent, for Plaintiff's own contributory negligence, and the contributory negligence of the class that Plaintiff purports to represent, for any liability Defendants incur as a result of any material misrepresentations or omissions, or conduct, alleged in the Amended Class Action Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the class he purports to represent.

## THIRTIETH AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiff, and the class that Plaintiff purports to represent.

Gibson, Dunn &
Crutcher LLP

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for rescission and disgorgement are barred because they constitute impermissible penalties assessed without statutory authority, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have an adequate remedy at law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for pre-judgment and post-judgment interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the PSLRA, the common law, or any other applicable statute, rule, or regulation.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff, and the class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. section 77k(e).

Gibson, Dunn & Crutcher LLP

30

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because other parties are indispensable to this action, including the parties from whom Plaintiff, and the class that Plaintiff purports to represent, actually purchased Slack shares.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Without conceding liability, Defendants are entitled to recover contribution from others for any liability Defendants incur as a result of any material misrepresentations or omissions, or conduct, alleged in the Amended Class Action Complaint.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff has failed to satisfy the applicable statute of limitations, including under 15 U.S.C. section 77m.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery.  To the extent applicable, Defendants further assert and rely on other applicable defenses pleaded by other Defendants in this matter.  Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

### PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That Plaintiff takes nothing by the Amended Class Action Complaint;

2. That the Amended Class Action Complaint be dismissed with prejudice;

3. That the Court enter judgment in favor of Defendants and against Plaintiff, with respect to all causes of action in the Complaint;

31

**4.** That the Court award Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. section 77k(e); and

**5.** For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

DATED: June 5, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Michael D. Celio
MICHAEL D. CELIO, SBN 197998
RAENA FERRER CALUBAQUIB, SBN 328794
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission Street Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants Slack Technologies, Inc., Stewart Butterfield, Allen Shim, Brandon Zell, Andrew Braccia, Edith Cooper, Sarah Friar, John O'Farrell, Chamath Palihapitiya, Graham Smith, Accel Growth Fund IV Associates L.L.C., Accel Growth Fund Investors 2016 L.L.C., Accel Leaders Fund Associates L.L.C., Accel Leaders Fund Investors 2016 L.L.C., Accel X Associates L.L.C., Accel Investors 2009 L.L.C., Accel XI Associates L.L.C., Accel Investors 2013 L.L.C., Accel Growth Fund III Associates L.L.C., AH Equity Partners I L.L.C., A16Z Seed-III LLC, Social+Capital Partnership GP II L.P., Social+Capital Partnership GP II Ltd., Social+Capital Partnership GP III L.P., Social+Capital Partnership GP III Ltd., Social+Capital Partnership Opportunities Fund*

Gibson, Dunn & Crutcher LLP

32

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI

*GP L.P., and Social+Capital Partnership Opportunities Fund GP Ltd.*

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-05857-SI