Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Fax: (212) 214-0506
Email: fortunato@bespc.com
         passmore@bespc.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:19-cv-05857-SI |
| Plaintiff, | CLASS ACTION |
| v. | |
| SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, GRAHAM SMITH, ACCEL GROWTH FUND IV ASSOCIATES L.L.C., ACCEL GROWTH FUND INVESTORS 2016 L.L.C., ACCEL LEADERS FUND ASSOCIATES L.L.C., ACCEL LEADERS FUND INVESTORS 2016 L.L.C., ACCEL X ASSOCIATES L.L.C., ACCEL INVESTORS 2009 L.L.C., ACCEL XI ASSOCIATES L.L.C., ACCEL INVESTORS 2013 L.L.C., ACCEL GROWTH FUND III ASSOCIATES L.L.C., AH EQUITY PARTNERS I L.L.C., A16Z SEED-III LLC, SOCIAL+ CAPITAL PARTNERSHIP GP II, L.P., SOCIAL+CAPITAL PARTNERSHIP GP II LTD., SOCIAL+CAPITAL PARTNERSHIP GP III LP, SOCIAL+ CAPITAL PARTNERSHIP GP III, LTD., SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP L.P., and SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP LTD., | **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY**<br><br>Date: January 7, 2022<br>Time: 10 a.m.<br>Location: Courtroom 1, 17th Floor<br>Judge: Honorable Susan Illston |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 7, 2022, at 10:00 a.m., or as soon as counsel may be heard, before the Honorable Susan Illston, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 1 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Lead Plaintiff Fiyyaz Pirani ("Lead Plaintiff") will and hereby does respectfully move this Court for an Order: (1) lifting the stay in this Action; (2) scheduling the initial case management conference at the Court's earliest convenience; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of W. Scott Holleman, the [Proposed] Order Lifting the Stay, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff, on behalf of himself and all similarly situated persons, respectfully submits this Memorandum of Points and Authorities in support of Lead Plaintiff's Motion to Lift the Stay.[1]

### I.    SUMMARY OF ARGUMENT

In July 2020, after denying Defendants' motion to dismiss (the "MTD Decision"), the Court stayed this action pending resolution of Defendants' interlocutory appeal.[2] On September 20, 2021, the Ninth Circuit affirmed this Court's decision that Lead Plaintiff has standing to pursue his claims. Defendants have petitioned for rehearing *en banc*, but there has been no resolution on the petition as of the filing of this motion. As explained herein, the Court should lift the stay to prevent unfair prejudice to Lead Plaintiff and the Class and because a stay is no longer required.

Rule 1 of the Federal Rules of Civil Procedure entitles Lead Plaintiff and the Class to a "just" and "speedy" determination and furthering the stay would contravene Rule 1's mandate. The possibility that the Court's MTD Decision will be subject to further interlocutory review should not interfere with Lead Plaintiff's right to prosecute this action, which relates to the direct listing of Slack common stock more than two and a half years ago. Indeed, permitting Defendants to exhaust all their potential appellate remedies would cause extreme delay and substantially prejudice Lead Plaintiff in his efforts to prosecute his securities claims.

Defendants will face no harm from lifting the stay because they are currently litigating a related action in state court, based on substantially similar allegations, prosecuted by Slack shareholders that did not seek leadership in this action. *See In re Slack Technologies, Inc. Shareholder Litigation*, Case No. 19-CIV-05370 (Cal. Super. Ct. San Mateo Cnty.) (Weiner, J.) (the "State Action"). Discovery is well underway in the State Action, so Defendants cannot claim any hardship from having to engage in similar discovery in this Action. Moreover, the plaintiff group in the State Action recently moved for class certification, stepping back from their prior position that they could,

---

[1] Prior to filing this motion, Lead Plaintiff asked Defendants if they would consent to lifting the stay, but Defendants declined to do so. (Holleman Decl. ¶ 2.)

[2] The parties ultimately stipulated to stay the Action, but only after the Court stated, "If the Ninth Circuit accepts interlocutory appeal, the parties shall immediately notify the Court and the Court will vacate the case management conference and stay this action." (ECF No. 83 at 3.)

in fact, trace their purchases to the Registration Statement and now piggybacking off Lead Plaintiff's efforts. The outcome of that motion could threaten Lead Plaintiff's ability to represent the Class.

Accordingly, the Court should vacate the stay order in this Action and permit Lead Plaintiff to seek discovery and move for class certification.

## II.    ISSUE TO BE DECIDED

1.    Whether the Court should vacate the stay issued on July 30, 2020. (ECF No. 94.)

## III.    RELEVANT PROCEDURAL BACKGROUND

On June 20, 2019, Slack became a publicly traded company through the second ever "direct listing" of shares of common stock. Only days after the offering, the Company encountered severe service disruptions, which triggered Slack's obligation to issue massive service credits to its customers, regardless of whether the customer suffered downtime in the outages. On September 4, 2019, the Company announced its second quarter financial results, which revealed the extent of the resulting financial damage caused by the outages and other factors and sent Slack's shares plummeting.

This Action was filed on September 19, 2019. Three shareholders thereafter moved for appointment as lead plaintiff under the PSLRA (ECF Nos. 14-29), and the Court subsequently appointed Lead Plaintiff (ECF No. 50). On January 6, 2020, Lead Plaintiff filed his Amended Class Action Complaint (ECF No. 42) (the "Complaint") against Defendants, alleging claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.

Meanwhile, between September 12, 2019, and October 18, 2019, six putative class actions were filed in the California Superior Court, County of San Mateo. They were consolidated into the State Action on November 22, 2019.[3] Notably, none of the plaintiffs in the State Action moved for leadership in this action. Because both this action and the State Action involve exclusively federal

---

[3] State Action Consolidation Order, Holleman Decl. Ex. 1.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY

claims, on December 30, 2019, Defendants[4] sought to stay the State Action pending resolution of this action (the "First Stay Motion"). (Holleman Decl. Ex. 2.) In the First Stay Motion, Defendants described this action and the State Action as "identical" (*id.* at *11, 18) and "essentially identical" (*id.* at *12) and argued that the State Action should be stayed until the conclusion of this action because, among other reasons, this action was procedurally "months ahead of" the State Action.

Lead Plaintiff filed the Complaint on January 6, 2020, alleging claims against Defendants under Sections 11, 12, and 15 of the Securities Act. (ECF No. 42.) On January 21, 2020, Defendants moved to dismiss this action. (ECF Nos. 52-55.) Lead Plaintiff filed his opposition on February 6, 2020 (ECF Nos. 63-65), and Defendants filed their reply on February 21, 2020 (ECF No. 66). Oral argument on Defendants' motion to dismiss was scheduled for March 19, 2020 (ECF No. 67), but it was cancelled amid the escalating pandemic (ECF No. 68).

As this Action proceeded apace, and while the First Stay Motion was still pending, Defendants filed a demurrer in the State Action on February 20, 2020. Five days later, Judge Weiner denied the First Stay Motion on the record and not pursuant to any written opinion.

On April 21, 2020, this Court granted in part and denied in part Defendants' motion to dismiss. (ECF No. 74.) Defendants answered the Complaint on June 5, 2020. (ECF No. 84.) Also on June 5, 2020, the Court certified the standing analysis of its MTD Decision for interlocutory appeal. (ECF No. 83.) On July 23, 2020, the Ninth Circuit granted Defendants' resulting petition for interlocutory appeal. And on July 30, 2020, given the Court's prior *sua sponte* indication that it would stay the action if the Ninth Circuit accepted interlocutory appeal (*id.*), the parties stipulated to a stay pending resolution of the Ninth Circuit appeal (ECF No. 93), which was entered the next day (ECF No. 94).

---

[4] The defendants in this Action and the State Action are largely coextensive, but there are slight differences related to the complexity of some early investors' corporate structuring. Specifically, the State Action includes defendants Accel X L.P. and Accel XI L.P. who are not defendants in this Action. This Action includes the following defendants who are not named in the State Action: Accel Growth Fund IV Associates L.L.C., Accel Growth Fund Investors 2016 L.L.C., Accel Leaders Fund Associates L.L.C., Accel Leaders Fund Investors 2016 L.L.C., Accel X Associates L.L.C., Accel Investors 2009 L.L.C., Accel Investors 2013 L.L.C., AH Equity Partners I L.L.C., A16Z See-III LLC, Social+Capital Partnership GP II, L.P., Social+Capital Partnership GP II LtD., Social+Capital GP III LP, Social+Capital Partnership GP III, LTD., Social+Capital Partnership Opportunities Fund GP L.P., and Social+Capital Opportunities Fund GP Ltd.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY

Given the Ninth Circuit's decision to consider their interlocutory appeal, Defendants filed another motion to stay the State Action (the "Second Stay Motion"). (Holleman Decl. Ex. 3.) In the Second Stay Motion, Defendants again described this action and the State Action to be "nearly identical" (*id.* at *5), "virtually identical" (*id.* at *6), and "essentially identical" (*id.* at *6). Judge Weiner, however, denied Defendants' Second Stay Motion. (Holleman Decl. Ex. 4.) Moreover, on August 12, 2020, Judge Weiner granted in part and denied in part Defendants' demurrer. (Holleman Decl. Ex. 5.)

On September 20, 2021, the Ninth Circuit issued its Opinion, affirming 2-1 this Court's MTD Decision. On November 3, 2021, Defendants filed their petition for rehearing, which remains outstanding.

In the State Action, Defendants have been actively engaged in discovery. Defendants produced a substantial number of documents in the State Action, and they even premised their request for more time to petition for rehearing on time constraints posed by discovery in the State Action.

Finally, on October 22, 2021, the plaintiffs in the State Action moved for certification of a class, which appears to be coextensive of the class already putatively represented by Lead Plaintiff as a result of the statutorily mandated PSLRA lead plaintiff process. Oral argument on the class certification motion is scheduled for February 28, 2022.

## IV.    ARGUMENT

### A.    The Court Has The Authority To Lift The Stay

The Ninth Circuit's decision to accept Defendants' interlocutory appeal over this Court's standing ruling did not divest the Court of its jurisdiction over all other aspects of this Action. Indeed, this Court still "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *see also Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (district court is divested of jurisdiction of only "those aspects of the case on appeal").

This action has been stayed for fifteen months while Defendants sought interlocutory review of the Court's MTD Decision. Lead Plaintiff has a duty to the putative class to push this case forward and prosecute the valuable claims. Lead Plaintiff seeks to engage in discovery and, as the Court-

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY

appointed lead plaintiff, move for class certification, neither of which will conflict with any potential ruling that could potentially result from further appellate review. Even if the Ninth Circuit grants Defendants' petition for rehearing *en banc*, the Court retains jurisdiction over this action and can lift the stay to allow Lead Plaintiff to continue litigating his claims on behalf of himself and the putative class of persons who acquired Slack common stock during the relevant period.

**B.      The Court Should Vacate the Stay Due to a Significant Change in Circumstances**

Courts will lift a stay if "'the court's reasons for imposing the stay no longer exist or are inappropriate'" or "'if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" *Akeena Solar Inc. v. Zep Solar Inc.*, No. 09-05040, 2011 U.S. Dist. LEXIS 72847, at *2 (N.D. Cal. July 7, 2011) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74–75 (D.D.C. 2002)). Courts within the Ninth Circuit regularly invoke this standard. *See, e.g.*, *Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-CV-1143, 2015 U.S. Dist. LEXIS 37186 (N.D. Cal. Mar. 23, 2015). The Stay is no longer appropriate and should be lifted for several reasons, as enumerated below.

*First*, the Ninth Circuit has issued its Opinion affirming this Court's MTD Decision, and Lead Plaintiff should now be permitted to litigate his claims on behalf of the aggrieved class—including by conducting discovery and moving for class certification—irrespective of the potential for further appellate review. Indeed, even if the Ninth Circuit denies *en banc* review or affirms the panel decision following *en banc* review, Defendants will undoubtedly try to take their argument to the United States Supreme Court. Having survived a motion to dismiss on the merits and initial appellate review, Lead Plaintiff should be permitted to prosecute his claims without further delay.

*Second*, the stay should be lifted because the State Action, which Defendants concede to be "identical," has been (and still is) progressing past the pleadings stage and into discovery. Defendants, therefore, would suffer only minimal additional burden from having to engage in discovery with Lead Plaintiff on a parallel or similar trajectory. Defendants cannot now claim hardship from having to engage in the same or similar discovery in response to the Court-appointed Lead Plaintiff's efforts to prove his allegations. Lifting the stay will actually allow Lead Plaintiff to ensure coordination between discovery proceedings across the State Action and this Action.

*Third*, the stay should be lifted given Lead Plaintiff's diligent efforts to date and in consideration of the Federal Rules of Civil Procedure's mandate that the Rules be "construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added). Lead Plaintiff diligently filed his Complaint, engaged in motion to dismiss briefing, and secured a ruling in his favor months before the court in State Action denied Defendants' demurrer. If the Stay is not lifted, Lead Plaintiff will be prejudiced despite his diligence in litigating this Action, while the plaintiffs in the State Action continue to move forward with discovery. [5] As a practical matter, Lead Plaintiff may encounter prejudice resulting from discovery rulings in the State Action, discovery procedures agreed to by and between the litigants in the State Action, and difficulties inherent in playing catch-up related to any number of discovery-related matters (*e.g.*, deposition questioning, third-party document searches). Although, Defendants have recently agreed to allow Lead Plaintiff to have access to the document discovery produced in the State Court action and are open to Lead Plaintiff's attendance at depositions, Defendants still oppose a lifting of the stay by stipulation. (Holleman Decl. ¶ 2.) Under the circumstances, Lead Plaintiff submits it is appropriate for the Court to do so.

## V.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court vacate the July 30, 2020, Order staying all proceedings pending resolution of Defendants' interlocutory appeal of this Court's April 21, 2020, order and schedule the initial case management conference.

DATED: November 17, 2021

/s/ *Marion C. Passmore*
Marion C. Passmore (SBN 228474)
Melissa A. Fortunato (SBN 319767)

**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Fax: (212) 214-0506

---

[5] The fact that Lead Plaintiff stipulated to entry of the Stay does not affect the Court's analysis because, as described in the So Ordered stipulation, Lead Plaintiff agreed to do so because this Court directed that if the Ninth Circuit accepted the interlocutory appeal, the Court would stay the action and vacate the case management conference.

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY

Email: fortunato@bespc.com

- and -

Lawrence P. Eagel (admitted *pro hac vice*)
W. Scott Holleman (SBN 310266)
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-5888
Facsimile: (212) 504-3260
Email: eagel@bespc.com
        holleman@bespc.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY