# Exhibit 3

GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
LINDSEY YOUNG, SBN 300080
COLLIN JAMES VIERRA, SBN 322720
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON      8/6/2020
By_____/s/ Wai Shan Lee_____
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

| | |
|---|---|
| IN RE SLACK TECHNOLOGIES, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Lead Case No. 19-CIV-05370<br><br>(Consolidated with Case Nos. 19-CIV-05411, 19-CIV-05674, 19-CIV-06181, 19-CIV-05784, 19-CIV-05840, and 20-CIV-02589)<br><br>CLASS ACTION<br><br>Assigned for All Purposes to the Honorable Marie S. Weiner, Department 2<br><br>**DEFENDANTS' NOTICE OF SECOND MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:      August 27, 2020<br>Hearing Time:      2:00 p.m.<br>Department:          2<br>Honorable Judge:  Marie S. Weiner<br><br>Complaint Filed:    September 12, 2019 |

Gibson, Dunn &
Crutcher LLP

1

DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS
LEAD CASE NO. 19-CIV-05370

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 27, 2020 at 2:00 p.m.,[1] or as soon thereafter as the matter may be heard, in Department 2 of the San Mateo County Superior Court, located at 400 County Center, Redwood City, CA 94063, Defendants Slack Technologies, Inc. ("Slack"), Stewart Butterfield, Allen Shim, Brandon Zell, Andrew Braccia, Edith Cooper, Sarah Friar, John O'Farrell, Chamath Palihapitiya, Graham Smith, Accel Growth Fund III Associates L.L.C., Accel Growth Fund III L.P., Accel X Associates L.L.C., Accel X L.P., Accel XI Associates, L.L.C., and Accel XI L.P. (together with Slack, "Defendants") will and hereby do move for an order staying all proceedings in this action pending resolution by the Ninth Circuit Court of Appeals of the appeal of the order issued by the Honorable Susan Illston of the United States District Court for the Northern District of California granting in part and denying in part Defendants' motion to dismiss in the action *Dennee v. Slack Technologies, Inc.*, Case No. 3:19-cv-05857-SI.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Michael J. Kahn ("Kahn Decl.") and all exhibits thereto, all papers, documents, and pleadings on file herein, and upon any further argument or evidence that may be presented in connection with this Motion.

DATED: July 31, 2020

GIBSON, DUNN & CRUTCHER, LLP

By: /s/ Michael D. Celio
MICHAEL D. CELIO, SBN 197998
LINDSEY YOUNG, SBN 300080
COLLIN JAMES VIERRA, SBN 322720
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200

*Attorneys for Defendants*

---

[1]  On July 29, Defendants sent an email to Plaintiffs asking if they had any concerns about the Court hearing this motion on August 27 at 2 p.m.  Plaintiffs did not respond prior to filing this motion.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................................5

II.   RELEVANT PROCEDURAL BACKGROUND.........................................................5

III.  ARGUMENT ...................................................................................................................8

      A.   A Stay Is Necessary To Avoid Inconsistent Rulings And "Unseemly" Conflict With Imminent Ninth Circuit Law That Will Control The Outcome In This Action. ...............................................................................................................8

      B.   A Stay Will Promote Judicial Economy And Prevent Waste Of Resources. ...............10

      C.   Other Stay Factors Reinforce That A Stay Is Appropriate. .........................................11

IV.   CONCLUSION...............................................................................................................12

DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS
LEAD CASE NO. 19-CIV-05370

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Berg v. MTC Electronics Technologies Co.* (1998)
   61 Cal.App.4th 349 ..................................................................................................................8

*In re Bloom Energy Securities Litigation*
   (Santa Clara Cty. Super. Ct.) Case No. 19CV344894 ...................................................11

*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993)
   15 Cal.App.4th 800 ........................................................................................................8, 10, 11

*In re Century Aluminum Co. Securities Litigation* (9th Cir. 2013)
   729 F.3d 1104 .......................................................................................................................9

*Clark's Fork Reclamation Dist. No. 2069 v. Johns* (1968)
   259 Cal.App.2d 366 .............................................................................................................11

*Farmland Irrigation Co. v. Dopplmaier* (1957)
   48 Cal.2d 208 ........................................................................................................................8

*Hertzberg v. Dignity Partners, Inc.* (9th Cir. 1999)
   191 F.3d 1076 ........................................................................................................................9

*Janklow v. Alutto* (D. Del. Dec. 11, 2018)
   No. CV 18-457-CFC, 2018 WL 6499869 .........................................................................10

*Jensen v. iShares Trust* (2020)
   44 Cal.App.5th 618, review denied (May 27, 2020).........................................................5, 9

*Pirani v. Slack Techs., Inc.* (N.D. Cal. Apr. 21, 2020)
   No. 19-CV-05857-SI, 2020 WL 1929241 ........................................................................6, 7

*Simmons v. Superior Court* (1950)
   96 Cal.App.2d 119 ..............................................................................................................8, 9

*Thomson v. Continental Ins. Co.* (1967)
   66 Cal.2d 738 ........................................................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

When the Court denied Defendants' motion to stay at the outset of this case, it did so "without prejudice to bringing it . . . for reconsideration in the future if there's new law or new facts."  (Mot. to Stay Hr'g Tr. at p. 19:2–4 (Feb. 25, 2020).)  There are now new facts.  On July 23, 2020, the Ninth Circuit announced it will review Judge Illston's recent ruling regarding standing and the applicability of tracing to federal Securities Act claims.  And the result of the Ninth Circuit's review will be new law:  the first-ever federal appellate opinion to address these issues in the context of a direct listing like Slack's.  Those exact issues are pending before this Court in the form of Plaintiffs' Complaint and Defendants' demurrer thereto.  The Ninth Circuit's ruling is of paramount importance to this case.

This Court should stay this action until the Ninth Circuit rules.  It would be a waste of judicial resources to proceed with full discovery, class certification, summary judgment and potentially even trial without permitting the Ninth Circuit to render its opinion.  The California Court of Appeal has made clear that it intends to follow the Ninth Circuit on its interpretation of the Securities Act.  (See *Jensen v. iShares Trust* (2020) 44 Cal.App.5th 618, 631-632, review denied (May 27, 2020).)  As a result, the Ninth Circuit's opinion on these issues will be the presumptive law in California.  Given that neither the federal plaintiff nor Plaintiffs here know whether they purchased registered shares in Slack's direct listing, and given that they seek to represent the same class of plaintiffs, the risks of inconsistent decisions and "unseemly conflicts" are particularly acute.  A stay until the Ninth Circuit rules is the appropriate remedy.

### II.      RELEVANT PROCEDURAL BACKGROUND

***The Federal Action.***  As this Court is aware from Defendants' December 30, 2019 motion to stay (the "2019 Motion to Stay"), this action is proceeding in parallel with a nearly identical putative class action pending in the United States District Court for the Northern District of California before Judge Illston.  (See *Dennee v. Slack Technologies, Inc.* (N.D. Cal.) Case No. 3:19-cv-05857-SI [the "Federal Action"].)  Like this action, the Federal Action asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 on behalf of a putative class of Slack stockholders who

5

purchased shares in connection with Slack's June 2019 direct listing on the New York Stock Exchange.  (Kahn Decl. Ex. A ¶¶ 1, 4.)  The Federal Action is virtually identical to this action, as Plaintiffs themselves have explained to the Court.  (See, e.g., Plaintiffs' Opposition to the 2019 Motion to Stay (Jan. 28, 2020) at p. 9 ["The amended *Dennee* complaint substantially repeats the allegations and claims asserted in Plaintiffs' Consolidated Complaint in this Action . . ."] [emphasis omitted].)

On January 21, 2020, Defendants moved to dismiss the complaint in the Federal Action for failure to state a claim.  (Kahn Decl. Ex. B.)  Defendants argued, among other things, that the Federal Action plaintiff did not plead standing because his conclusory allegations that he purchased shares "traceable" to Slack's Registration Statement were insufficient given the unique context of Slack's direct listing.  (*Id.* at pp. 7-11.)  In Slack's direct listing, only a minority of shares available for sale were registered under Slack's Registration Statement; the vast majority of shares available for sale in the direct listing were unregistered because they were exempt from the registration requirements of the securities laws.  (*Id.* at p. 8.)  That is critically important to the standing analysis because only stockholders who purchased registered shares—*i.e.*, shares "traceable" to a registration statement— have standing to sue under the Securities Act; purchasers of unregistered shares do not.  (*Id.* at pp. 7-9.)  Because the federal plaintiff failed to plead any facts showing that he purchased *registered* shares—as opposed to shares from the far larger pool of *unregistered* shares available for sale in Slack's direct listing—Defendants argued that his conclusory standing allegations failed to state a claim.  (*Id.* at p. 9.)  This is the same argument Defendants made in their demurrer in this action because Plaintiffs here also failed to plead facts about the shares they purchased, and, like the federal plaintiff, merely offered legal conclusions that are insufficient as a matter of law.  (Dem. at pp. 14-16.)

On April 21, 2020, Judge Illston issued an order granting in part and denying in part Defendants' motion to dismiss.  On the question of standing, Judge Illston held—for the first time in decades of securities law jurisprudence—that "tracing" is not required when a Securities Act claim is asserted in connection with a direct listing like Slack's.  (*Pirani v. Slack Techs., Inc.* (N.D. Cal. Apr. 21, 2020) No. 19-CV-05857-SI, 2020 WL 1929241 at p. *8.)  That is, Judge Illston held that it did

not matter that the federal plaintiff failed to allege facts showing that he owned registered shares as opposed to unregistered shares.  Judge Illston recognized, though, that her tracing ruling "breaks new ground" and is one about which "fair-minded jurists might disagree."  (Kahn Decl. Ex. C at p. 3.)  She therefore certified her dismissal order for interlocutory review by the Ninth Circuit.  (*Ibid.*)  The Ninth Circuit granted Defendants' petition for review on July 23, 2020.  (Kahn Decl. Exs. D & E.)  Now that the dismissal order in the Federal Action is on appeal, Judge Illston has stayed the Federal Action because "[i]f the Ninth Circuit agrees with defendants that plaintiff lacks standing, [the Federal Action] will be dismissed and the parties will avoid expending significant time and expenses on litigation."  (Kahn Decl. Ex. C at p. 3; see also Kahn Decl. Ex. F.)

***This Action.***  Because of the substantial overlap between the Federal Action and this action, Defendants moved in December 2019 to stay this action pending resolution of the Federal Action.  (See generally 2019 Motion to Stay.)  The Court declined to stay this action at that time.  (Mot. to Stay Hr'g Tr. at p. 19:2.)  But the Court did so "without prejudice to [Defendants] bringing it … for reconsideration in the future if there's new law or new facts."  (*Id.* at p. 19:2-4.)

Defendants also filed a demurrer arguing that—just like the federal plaintiff—Plaintiffs failed to plead standing under Sections 11 and 12(a)(2) of the Securities Act because Plaintiffs do not allege facts showing that they purchased shares registered under—and thus "traceable" to—Slack's Registration Statement.  Plaintiffs opposed the demurrer, arguing that traceability should be no obstacle even if they held unregistered shares.  As noted, Judge Illston ruled on *this precise issue*, holding that a plaintiff need not show traceability in the context of a direct listing.  (*Pirani*, *supra*, 2020 WL 1929241 at p. *8 ).  Indeed, Plaintiffs have urged the Court to follow that ruling, arguing that it "directly addresse[d] issues *at the center of Defendants' pending demurrer*."  (Request For Judicial Notice (May 5, 2020) at p. 1. [emphasis added].)  They further argued that the federal court's standing "*analysis is equally applicable in this case*."  (*Id.* at p. 3 [emphasis added].)

At the hearing on the demurrer, Plaintiffs again urged the Court to follow Judge Illston's ruling and hold "that in these circumstances, which are unique, where you have the first public offering of a stock, with a mix of registered stock and unregistered stock, the tracing requirement" should not apply.  (Demurrer Hr'g Tr. at p. 7:19-24 (June 3, 2020).)

The Ninth Circuit will shortly decide whose interpretation of the Securities Act is correct. The result will dictate the future path of this litigation, including how Defendants' pending demurrer should be decided.  Because the developments in the Federal Action constitute both new law and new facts that bear directly on this action—including the demurrer pending before this Court—Defendants now renew their motion to stay.

## III.   ARGUMENT

Now that the Ninth Circuit has certified for immediate, interlocutory appeal the core issues of federal securities law that are presently pending before this Court, the Court should exercise its broad discretion to stay these proceedings pending that appeal.  A stay is necessary to avoid the risk of inconsistent rulings regarding standing to assert claims under the Securities Act arising out of a direct listing, as well as to preserve judicial resources and promote comity.

As demonstrated below, staying the case in these circumstances is appropriate and necessary under the relevant legal factors: (1) "'the importance . . . of avoiding unseemly conflicts with the courts of other jurisdictions'" (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804 [quoting *Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208, 215]); and (2) the federal "nature of the subject matter" (*ibid.*) along with the "strong policy of comity" owed to federal courts (*Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 746); see also *Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 125, 130 [reversing order denying motion to stay "as a matter of comity"]).  These factors support staying this action in favor of the essentially identical Federal Action now pending before the Ninth Circuit.  (See *Thomson*, *supra*, 66 Cal.2d at p. 746 fn.5 [actions need only be "closely related" and "not . . . identical" to justify a stay]; *Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 363 [affirming stay order "[a]lthough the instant action is not precisely identical to any of the other actions"].)

**A.   A Stay Is Necessary To Avoid Inconsistent Rulings And "Unseemly" Conflict With Imminent Ninth Circuit Law That Will Control The Outcome In This Action.**

This Court previously indicated that a renewed motion to stay might be appropriate if "new facts" and/or "new law" developed.  Indeed, at the hearing on the 2019 Motion to Stay, the Court stated that its "only concern" was that the decision in the Federal Action might not address "things

that overlap" with this case or could turn "on grounds that don't exist here," such that a stay would not serve any purpose. (Mot. to Stay Hr'g Tr. at pp. 16:15-16, 17:18, 15:26.) But Judge Illston in fact ruled on the central legal issue posed by the demurrer pending before this Court—standing under the Securities Act in the context of a direct listing—and shortly the Ninth Circuit will decide whether Judge Illston was correct. That "new fact," soon to result in "new law," warrants a stay for multiple reasons.

*First and foremost*, the Court should await the Ninth Circuit's ruling on Securities Act standing because it will definitively determine the central issue before this Court. In *Jensen*, the California Court of Appeal adopted Ninth Circuit law on what is required to satisfy the standing requirements of the Securities Act as the law that applies in California courts. (*Supra*, 44 Cal.App.5th at pp. 631-632 [citing *In re Century Aluminum Co. Securities Litigation* (9th Cir. 2013) 729 F.3d 1104, and *Hertzberg v. Dignity Partners, Inc.* (9th Cir. 1999) 191 F.3d 1076].) Because *Jensen* held that Ninth Circuit law on standing under the Securities Act is also California law, the Ninth Circuit's decision in the Federal Action appeal will be the law in California. Clearly, there would be an "unseemly conflict" if this Court were to proceed with this action and reach a different result than the Ninth Circuit regarding standing.

Critically, there is *no dispute* that the Ninth Circuit's ruling will directly affect this action. Plaintiffs have repeatedly and strenuously argued that the Federal Action is directly relevant to how this Court should rule in this case. For example, in their May 5, 2020 request for judicial notice of Judge Illston's dismissal order, Plaintiffs praised the federal court's standing analysis and argued that Judge Illston's order "directly addresse[d] issues *at the center of Defendants' pending demurrer*." (Request For Judicial Notice (May 5, 2020) at p. 1. [emphasis added].) They went on to state that the federal court's standing "analysis *is equally applicable in this case*." (*Id*. at p. 3 [emphasis added].) If Judge Illston's ruling is "equally applicable to this case," then the Ninth Circuit's decision is also.

*Second*, given the clear overlap between the forthcoming ruling from the Ninth Circuit and the issues before this Court, a stay is necessary to avoid unseemly conflicts. Simply put, "[a] conflict of authority should not occur if it can be avoided." (*Simmons*, *supra*, 96 Cal.App.2d at p. 130 [reversing trial court order denying motion to stay in favor of substantially similar action pending in Texas].)

Gibson, Dunn &
Crutcher LLP

Now that the Ninth Circuit has taken up Judge Illston's ground-breaking order, the risk of inconsistent rulings on the novel legal questions presented in this action has grown exponentially since Defendants' 2019 Motion to Stay. In fact, both Judge Illston and the Ninth Circuit found—as required to permit an interlocutory appeal—that reasonable jurists could easily reach different conclusions on the standing issues in this case. (See Kahn Decl. Ex. C at p. 3.) These facts warrant a stay.

**B.    A Stay Will Promote Judicial Economy And Prevent Waste Of Resources.**

In addition to preventing unseemly conflicts, a stay will promote judicial economy. If this action proceeds and the Ninth Circuit issues a ruling that requires dismissal of Plaintiffs' claims for lack of standing, then the Court and the parties will have litigated—in whole or in part—needlessly. Indeed, the Ninth Circuit will "resolve the issues [Plaintiffs] seek[] to decide . . . in state court" by determining the extent to which they have standing to proceed here, which might render this proceeding "entirely unnecessary." (See *Caiafa*, *supra*, 15 Cal.App.4th at p. 807.) Neither the Plaintiffs here nor the plaintiff in the Federal Action alleged whether they purchased registered shares (which may confer standing) or unregistered shares (which do not). If the Ninth Circuit holds that traceability is necessary to show standing for Plaintiffs' claims, then Defendants' demurrer should be sustained. If it holds that it is not necessary to demonstrate traceability, then that basis for Defendants' demurrer should be overruled. Put simply, the Ninth Circuit's decision will result in one of two divergent—and very different—litigation paths. The resolution of the appeal will, at a minimum, "simplify the issues" in this action. (See *Janklow v. Alutto* (D. Del. Dec. 11, 2018) No. CV 18-457-CFC, 2018 WL 6499869, at p. *2 [simplifying the issues for trial weighed in favor of a stay of derivative action pending related securities class action].) There is no reason for the Court and the parties to proceed with this action when their efforts may all be for naught if the Ninth Circuit decides that the federal plaintiff—who is in the exact same position as the Plaintiffs here—does not have standing.

Avoiding such wasted effort weighs in favor of a stay. Indeed, Judge Illston stayed the Federal Action pending resolution of the appeal for this very reason. (Kahn Decl. Ex. F; see also Kahn Decl. Ex. C at p. 3.) This Court should do the same.

## C.    Other Stay Factors Reinforce That A Stay Is Appropriate.

While the foregoing factors alone more than suffice to grant this motion, other traditional stay factors further support issuing a stay. Principles of comity weigh in favor of a stay even more than they did when Defendants first moved to stay. By accepting Defendants' petition for an interlocutory appeal, the Ninth Circuit has made clear that it will issue an authoritative ruling on the novel federal securities law questions posed by this case. A stay will allow the Ninth Circuit to issue a ruling—in immediate, interlocutory fashion—*first* on these important questions of federal law. This counsels in favor of a stay because the presence of issues that "turn wholly on questions of federal law"—as in this case—"strongly suggest the advisability of restraint by California courts." (*Clark's Fork Reclamation Dist. No. 2069 v. Johns* (1968) 259 Cal.App.2d 366, 369.) As noted in the 2019 Motion to Stay, that remains true notwithstanding this Court's concurrent jurisdiction over Securities Act claims. As Judge Walsh reasoned in granting a motion to stay in favor of a parallel federal action in *In re Bloom Energy Securities Litigation*, "the federal nature of the claims [] weighs in favor of a stay" even though state courts "ha[ve] jurisdiction over the Securities Act claims . . . and [are] fully competent to hear them." ((Santa Clara Cty. Super. Ct., Dec. 17, 2019) Case No. 19CV344894 (Kahn Decl. Ex. G at p. 6).) Not only does the same hold true here, but the claims in this action suggest an even *greater* need for "restraint by California courts" (*Clark's*, *supra*, 259 Cal.App.2d at p. 369) because this litigation presents issues of federal securities law that—before Judge Illston's ruling—have *never* been addressed or decided by any court and now will be decided conclusively by the Ninth Circuit.

Finally, both the relative advancement of the Federal Action, and the fact that the Federal Action is pending in California, weigh in favor of a stay. (See *Caiafa*, *supra*, 15 Cal.App.4th at p. 804.) The Federal Action indisputably is more advanced than this action with respect to the core legal issues. The district court issued its order on these core issues months ago, and appellate resolution of these issues is now on an expedited track. "[T]his weighs in favor of a stay." (*Bloom*, Kahn Decl. Ex. G at pp. 4, 6 [staying action where federal motion to dismiss would be fully briefed approximately five months later].)

DEFENDANTS' SECOND MOTION TO STAY PROCEEDINGS
LEAD CASE NO. 19-CIV-05370

Gibson, Dunn & Crutcher LLP

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order a stay of all proceedings pending the resolution of the interlocutory appeal in the Federal Action.

DATED: July 31, 2020

GIBSON, DUNN & CRUTCHER, LLP

By: */s/ Michael D. Celio*
MICHAEL D. CELIO, SBN 197998
LINDSEY YOUNG, SBN 300080
COLLIN JAMES VIERRA, SBN 322720
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission St. Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendants*
