GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
LINDSEY YOUNG, SBN 300080
WESLEY SZE, SBN 306715
1881 Page Mill Road
Palo Alto, CA  94304
Telephone: 650.849.5300

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8200

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, | Case No. 3:19-cv-05857-SI |
| Plaintiff, | CLASS ACTION |
| v. | **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO LIFT THE STAY** |
| SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, GRAHAM SMITH, ACCEL GROWTH FUND IV ASSOCIATES L.L.C., ACCEL GROWTH FUND INVESTORS 2016 L.L.C., ACCEL LEADERS FUND ASSOCIATES L.L.C., ACCEL LEADERS FUND INVESTORS 2016 L.L.C., ACCEL X ASSOCIATES L.L.C., ACCEL INVESTORS 2009 L.L.C., ACCEL XI ASSOCIATES L.L.C., ACCEL INVESTORS 2013 L.L.C., ACCEL GROWTH FUND III ASSOCIATES L.L.C., AH EQUITY PARTNERS I L.L.C., Al6Z SEED-III LLC, SOCIAL+ CAPITAL PARTNERSHIP GP II, L.P., SOCIAL+CAPITAL PARTNERSHIP GP II LTD., SOCIAL+CAPITAL PARTNERSHIP GP III LP, SOCIAL+ CAPITAL PARTNERSHIP GP III, LTD., SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP L.P., and SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP LTD., | Date:       January 7, 2022<br>Time:       10:00 a.m.<br>Place:      Courtroom 1, 17th Floor<br>Judge:     Honorable Susan Illston |
| Defendants. | |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 1

II.     STATEMENT OF ISSUE TO BE DECIDED............................................................ 1

III.    FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 1

IV.     ARGUMENT ................................................................................ 3

        A.    The Court Lacks Jurisdiction To Rule On The Motion ................................ 3

        B.    The Court's Reasons For Staying This Action Still Apply........................... 4

        C.    Maintaining The Stay Does Not Prejudice Plaintiff, Whose Interests Continue
              To Be Advanced In The State Action ............................................... 5

V.      CONCLUSION................................................................................ 7

Gibson, Dunn &
Crutcher LLP

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Akeena Solar Inc. v. Zep Solar Inc.*,
No. 09-5040-JSW, 2011 WL 2669453 (N.D. Cal. July 7, 2011)....................................................4, 5

*Asis Internet Servs. v. Active Response Grp.*,
No. 07-6211-TEH, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) .......................................................7

*In re Cintas Corp. Overtime Pay Arbitration Litig.*,
No. 06-1781-SBA, 2009 WL 1766595 (N.D. Cal. June 22, 2009)....................................................3

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001)....................................................................................................3

*Ernyes-Kofler v. Sanofi S.A.*,
No. 16-7307-EJD, 2017 WL 813506 (N.D. Cal. Mar. 2, 2017) .......................................................7

*In re Gen. Motors Fuel Pump Litig.*,
No. 18-7054-JST, 2019 WL 7821307 (N.D. Cal. Sept. 26, 2019).......................................................7

*Gonzalez v. Ford Motor Co.*,
No. 17-5885-LHK, 2017 WL 9614465 (N.D. Cal. Nov. 16, 2017)....................................................7

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011).....................................................................................................4

*Newton v. Shipman*,
718 F.2d 959 (9th Cir. 1983)......................................................................................................4

*Pirani v. Slack Techs., Inc.*,
13 F.4th 940 (9th Cir. 2021).....................................................................................................3, 5

*Rivera v. NIBCO, Inc.*,
No. 99-6443, 2004 WL 7331798 (E.D. Cal. Sept. 20, 2004).............................................................5

**Statutes**

15 U.S.C.A. § 77z-1(b)(1)................................................................................................................4

Gibson, Dunn & Crutcher LLP

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

After certifying its April 21, 2020 order on Defendants' motion to dismiss for interlocutory appeal, the Court stayed this action because a reversal on appeal could result in the dismissal of this case entirely and save the Court and the parties from "expending significant time and expenses on litigation." ECF No. 83 at 3.  That reasoning remains the same today as it did when the Court entered the stay:  there is still no final order from the Ninth Circuit, and "[i]f the Ninth Circuit agrees with defendants that plaintiff lacks standing, the case will be dismissed." *Id.*  Nonetheless, Plaintiff insists that this Court lift the stay now, arguing that the decision of a split three-judge panel—which is subject to a pending petition for rehearing and rehearing en banc—now requires lifting the stay to "prevent unfair prejudice to Lead Plaintiff and the Class." ECF No. 98 ("Mot.") at 3.  But Plaintiff's claim of prejudice is hollow:  Plaintiff is already a member of a putative class of Slack shareholders whose claims are being actively litigated in an identical, parallel state court action.  The state plaintiffs have been litigating their action for years—and indeed, have filed a motion to certify a class that would include the Plaintiff in this action.  Thus, regardless of whether the stay in this federal action remains in place, Plaintiff's claims are being advanced through the state litigation.  What's more, Defendants have produced to Plaintiff all documents that Defendants produced to the state court plaintiffs.  Plaintiff is suffering no prejudice from the stay.  By contrast, subjecting Defendants to duplicative, two-front discovery and litigation when it has not yet been finally determined that Plaintiff even has standing to proceed with his claims would obviously prejudice Defendants.  Plaintiff's premature motion to lift the stay should be denied.

## II.    STATEMENT OF ISSUE TO BE DECIDED

Should the Court lift the stay when the interlocutory appeal on outcome-dispositive issues relating to standing remains pending, and where there is no unfair prejudice to Plaintiff, whose interests continue to be advanced through the parallel state action?

## III.    FACTUAL AND PROCEDURAL BACKGROUND

In September 2019 multiple investors in Slack filed putative class action lawsuits alleging violations of the Securities Act of 1933 (the "Act") after Slack's stock price declined following its direct listing in June 2019.  In addition to this action, several lawsuits were filed in the Superior Court

Gibson, Dunn & Crutcher LLP

1

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO LIFT THE STAY
CASE NO. 3:19-CV-05857-SI

of California, San Mateo County, where they ultimately were consolidated as *In re Slack Technologies, Inc. Shareholder Litigation*, No. 19-5370. The state action asserts the same claims based on the same allegations against the same core defendants as this action.[1] Plaintiffs in the state action are represented by ten different law firms, led by Robbins Geller Rudman & Dowd LLP, Cotchett, Pitre & McCarthy LLP, Scott+Scott Attorneys at Law LLP, and Pomerantz LLP. Defendants sought to dismiss the state action on the pleadings, but the state court overruled their demurrers because, unlike Plaintiff in this action, the plaintiffs in the state action contended that—with the benefit of discovery—they *could* "trace" their shares to Slack's registration statement. The state action has been in active discovery for a year and a half, and the parties are in the midst of briefing plaintiffs' class certification motion.[2]

In this action, Defendants filed a motion to dismiss in January 2020. ECF No. 52. On April 21, 2020, this Court granted in part and denied in part Defendants' motion to dismiss, holding, *inter alia*, that Plaintiff had adequately alleged standing to pursue his claims under the Act even though he admittedly could not allege that the shares he purchased were traceable to the registration statement. *See* ECF No. 74. The Court reasoned that the traditional tracing requirement for Section 11 claims could be dispensed with because of the "unique circumstance[s]" raised by Slack's direct listing. *Id.* at 13-14.

Still, recognizing the novel questions presented by this case, this Court certified its order for interlocutory appeal on June 5, 2020. *See* ECF No. 83. Disagreeing with Plaintiff's characterization of the legal issues addressed in the Court's order as "not difficult," the Court acknowledged its interpretation of the Act "breaks new ground" and involves a "controlling question of law" on which "fair-minded jurists might disagree." *Id.* at 2-3. This Court also noted that "if the Ninth Circuit agrees with Defendants that Plaintiff lacks standing, this case will be dismissed, and the parties will avoid expending significant time and expenses on litigation." *Id.* at 3.

---

[1] This action names additional outside investors as alleged "control person" defendants under Section 15 of the Act. Mot. at 5 n.4.

[2] On October 21, 2021, state plaintiffs moved to certify two proposed classes, a Section 11 class and a Section 12 class. *See* Celio Decl., Ex. B [Mot. for Class Certification, *In re Slack Techs., Inc. S'holder Litig.*, No. 19-5370 (Cal. Super. Ct.)]. The Plaintiff in this action would be a putative member of both proposed classes.

Gibson, Dunn & Crutcher LLP

On July 23, 2020, the Ninth Circuit granted Defendants' petition for interlocutory appeal. ECF No. 91.  This Court accordingly stayed this action "pending resolution of Defendants' interlocutory appeal."  ECF No. 94.

On September 20, 2021, a divided panel of the Ninth Circuit issued an opinion affirming this Court's order, over the dissenting opinion of Judge Miller.  *See Pirani v. Slack Techs., Inc.*, 13 F.4th 940 (9th Cir. 2021).  In his dissent, Judge Miller disagreed with this Court's interpretation of the Act. He noted that "[t]he interpretation of sections 11 and 12 has been settled for decades" and argued that under that well-established interpretation, shareholders must be able to allege they purchased shares registered under the challenged registration statement to have standing to sue.  *Id.* at 950 (Miller, J., dissenting).

On November 3, 2021, Defendants filed a petition for rehearing and rehearing en banc. *Pirani*, No. 20-16419 (9th Cir. Nov. 3, 2021), ECF No. 59.  Numerous amici—including a former SEC commissioner, the Securities Industry and Financial Markets Association, the Chamber of Commerce of the United States of America, the National Venture Capital Association, and the Cato Institute—called for the Ninth Circuit to rehear the appeal en banc.  *Id.*, ECF Nos. 65, 66, 67.  As Plaintiffs acknowledge, "there has been no resolution on the petition," which remains pending before the Ninth Circuit.  Mot. at 3.  On November 29, 2021, the Ninth Circuit ordered Plaintiff to respond to Slack's petition within 21 days.  *Pirani*, No. 20-16419 (9th Cir. Nov. 3, 2021), ECF No. 68.

## IV.    ARGUMENT

### A.    The Court Lacks Jurisdiction To Rule On The Motion

The Court should deny Plaintiff's Motion because the Court lacks jurisdiction to hear the Motion.  The pending Ninth Circuit appeal "divests the district court of jurisdiction over the particular issues involved in that appeal."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also In re Cintas Corp. Overtime Pay Arbitration Litig.*, No. 06-1781-SBA, 2009 WL 1766595, at *3 (N.D. Cal. June 22, 2009).  The "issue[] involved in" the appeal of this Court's dismissal order is whether Plaintiff may proceed with any of his claims at all, including whether Plaintiff has standing to assert his claims.  Thus, Plaintiff may not proceed in this Court as if he has a live claim while that issue is up on appeal.

In his Motion, Plaintiff argues that the Court has jurisdiction to lift the stay and allow Plaintiff to "engage in discovery and . . . move for class certification" because this litigation will not "conflict with any potential ruling that could potentially result from further appellate review."  Mot. at 6-7.  Plaintiff's argument is incorrect.  Any appellate ruling reversing this Court's order would conflict with lifting the stay since a plaintiff that lacks standing necessarily cannot proceed with any further litigation.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of statutory standing requires dismissal for failure to state a claim.") (emphasis omitted).  Indeed, as this Court noted, if the Ninth Circuit ultimately agrees with Defendants' position, this case "will be *dismissed*."  ECF No. 83 at 3 (emphasis added).  Moreover, lifting the stay to permit Plaintiff to "engage in discovery and . . . move for class certification" (Mot. at 6-7) is inconsistent with the Private Securities Litigation Reform Act ("PSLRA"), which prohibits "all discovery and other proceedings" until a plaintiff can show its claims can survive a motion to dismiss.  15 U.S.C.A. § 77z-1(b)(1).  Because whether Plaintiff's claims can survive a motion to dismiss is the question squarely before the Ninth Circuit, the stay should remain in place until the mandate has issued.

**B.        The Court's Reasons For Staying This Action Still Apply**

Even if the Court determines it has jurisdiction, the Court should deny the Motion because "the circumstances that persuaded the court to impose the stay in the first place" have not "changed *significantly*."  *Akeena Solar Inc. v. Zep Solar Inc.*, No. 09-5040-JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011) (internal quotations omitted).  In granting the stay, this Court reasoned that staying the litigation was "in the interest of judicial economy" because if its dismissal order were reversed, "this case will be dismissed and the parties will avoid expending significant time and expenses on litigation."  ECF No. 83 at 3.  That rationale still applies because the appellate process has not yet concluded.  As this Court recognized, final resolution of the appeals process would not only materially advance this litigation—it could potentially *end* the litigation completely.  *See* ECF No. 83 at 3.  And when a "litigation is still in its early stages"—as in this case—"the pending [] request may eliminate the need for a trial completely," and "lifting the stay would be premature."  *Akeena Solar*, 2011 WL 2669453, at *2; *see also Newton v. Shipman*, 718 F.2d 959, 963 (9th Cir.

1983) (finding that it can be "found expedient to stay" a proceeding if doing so will shorten the proceeding overall).

It is true that a divided panel of the Ninth Circuit issued an opinion affirming this Court's dismissal order. But the appeal is not yet finally resolved, because there is a pending petition for rehearing and rehearing en banc—one to which the Ninth Circuit has taken the relatively unusual step of ordering a response (as most such petitions are denied without further briefing). *See Pirani*, No. 20-16419 (9th Cir. Nov. 3, 2021), ECF No. 68. And the Ninth Circuit's decision confirms this Court's observation that "fair-minded jurists might disagree" about whether Plaintiff has standing. ECF No. 83. Judge Miller vigorously dissented from the panel's ruling, pointing out that the panel's interpretation of Section 11 conflicts with "every court of appeals to consider the issue, including [the Ninth Circuit]." *Pirani*, 13 F.4th at 952 (Miller, J., dissenting). Given Judge Miller's dissent and the fact that five amici filed briefs in support of Defendants' petition for rehearing, it is certainly possible that Defendants' petition may be granted. Because it is possible that "the Ninth Circuit may issue a new opinion to replace the current opinion, . . . the interlocutory appeal has not been resolved by the Ninth Circuit, [and] the reasoning behind the initial order granting [a] stay is still applicable." *Rivera v. NIBCO, Inc.*, No. 99-6443, 2004 WL 7331798, at *1 (E.D. Cal. Sept. 20, 2004) (ordering that the stay be reinstated).

## C.   Maintaining The Stay Does Not Prejudice Plaintiff, Whose Interests Continue To Be Advanced In The State Action

Finally, the Court should deny Plaintiff's Motion because Defendants will be prejudiced if the stay is lifted, whereas Plaintiff will suffer no prejudice if the stay remains in place. Plaintiff generally argues that he should be entitled to "prosecute his claims without further delay," Mot. at 7, but Plaintiff must "allege[] prejudice beyond the delay inherent in [] proceedings." *Akeena Solar*, 2011 WL 2669453, at *3 (holding that a second reexamination proceeding, following an initial proceeding that lasted eighteen months, is not prejudicial because it "might eliminate the need for litigation entirely."). Plaintiff has not articulated any such prejudice, nor could he.

Critically, Plaintiff ignores that his claims have been—and will continue to be—advanced through the state litigation, in which he is a member of the putative class. As Plaintiff admits, his

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO LIFT THE STAY
CASE NO. 3:19-CV-05857-SI

Gibson, Dunn &
Crutcher LLP

claims are "identical" to those being litigated in state court. Mot. at 7. And those claims are being actively litigated by plaintiffs represented by experienced securities class action lawyers. *Supra* at 1-2. The plaintiffs in the state action have recently filed a motion to certify a putative class of "[a]ll persons" who purchased Slack common stock "traceable to the Registration Statement" and "pursuant to the Prospectus" "during the period of June 20, 2019 to September 5, 2019." *See* Celio Decl., Ex. B at 9 [Mot. for Class Certification, *In re Slack Techs., Inc. S'holder Litig.*, No. 19-5370 (Cal. Super. Ct. Oct. 21, 2021)]. Mr. Pirani, the Plaintiff in this case, would appear to fit squarely within that putative class definition. *See* ECF No. 26-1 (detailing Mr. Pirani's purchases of Slack shares, including between June 20 and August 28, 2019). If the class is certified, and the state plaintiffs prevail in the state action, Plaintiff will receive his share of the recovery. Plaintiff therefore has no claim of prejudice when he is part of a putative class led by plaintiffs in the state action who are actively pushing forward identical claims.[3]

Nor does Plaintiff's argument about the "difficulties inherent in playing catch-up related to any number of discovery-related matters" demonstrate prejudice. Mot. at 8. To maximize efficiency and reduce any potential future delay in the event of a final appellate order affirming this Court's dismissal order, Defendants have already voluntarily provided—subject to and without waiver of their opposition to lifting the stay—Plaintiff's counsel with copies of all documents that Defendants have produced to the plaintiffs in the state action, which consists of nearly 170,000 pages of documents. Celio Decl. ¶ 5. Additionally, in a further effort to eliminate any potential prejudice to Plaintiff, Defendants have agreed to permit Plaintiff's counsel to attend any depositions of Slack witnesses, if and when such depositions proceed in the state action. *Id.* ¶ 6. Thus, having to "play[] catch-up" with discovery is simply a non-issue, and any claimed hardship through delayed discovery

---

[3] It is also worth noting that the state plaintiffs claim they have a *stronger* litigation position than the Plaintiff in this action. Here, Plaintiff has admitted he cannot trace, which dooms his claims if Defendants' position on appeal is accepted; by contrast, the state plaintiffs claim they *can* trace. *See* Celio Decl., Ex. A ¶¶ 21-29, 50 [First Am. Consol. Class Action Compl., *In re Slack Tech., Inc. S'holder Litig.*, No. 19-5370 (Cal. Super. Ct. Oct. 5, 2020)] ("Defendants caused the Offering Documents to be filed with the SEC and declared effective in connection with offers and sales of the Company's shares pursuant and/or traceable to the Offering."); *id.*, Ex. C [Hr'g Tr., *In re Slack Tech., Inc. S'holder Litig.*, No. 19-5370 (Cal. Super. Ct. Aug. 13, 2021)] (State Plaintiffs' Counsel: "And the discovery in this case has been going forward on the issue of tracing, Your Honor. And we are getting traction. We are seeing that our arguments in favor of tracing are supported.").

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO LIFT THE STAY
CASE NO. 3:19-CV-05857-SI

Gibson, Dunn & Crutcher LLP

rings hollow given the substantial efforts Defendants are making to work with Plaintiff's counsel to maximize efficiencies while the stay remains in place. *See Asis Internet Servs. v. Active Response Grp.*, No. 07-6211-TEH, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008) (noting that the moving party had already "produced the vast majority of discovery," minimizing harm to plaintiff caused by a stay).

Finally, in contrast to the lack of prejudice to Plaintiff, lifting the stay will impose needless burdens and inefficiencies upon Defendants, who will be forced to expend resources and duplicate efforts to litigate identical claims in two different forums. *See, e.g.*, *Gonzalez v. Ford Motor Co.*, No. 17-5885-LHK, 2017 WL 9614465, at *2 (N.D. Cal. Nov. 16, 2017) ("[A] failure to stay this case would force Defendant to conduct duplicative discovery and motion practice."). At best, lifting the stay in this case will involve time-consuming fights over discovery proceedings in two forums, and at worst, subject Defendants to the burdens of inconsistent rulings. In granting stays, courts in this district routinely acknowledge the burdens that litigating parallel actions impose on defendants, including the "risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact." *In re Gen. Motors Fuel Pump Litig.*, No. 18-7054-JST, 2019 WL 7821307, at *1 (N.D. Cal. Sept. 26, 2019); *see also Ernyes-Kofler v. Sanofi S.A.*, No. 16-7307-EJD, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) ("Defendant would suffer 'hardship and inequity' if this case were to continue here. It would be forced to conduct duplicative discovery and motion practice. And it would face the prospect of inconsistent rulings if it were forced to litigate the same issues in multiple forums."). The substantial burden on Defendants of lifting the stay—coupled with the lack of prejudice to Plaintiff—counsels strongly in favor of maintaining the stay.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to lift the stay.

Dated:  December 1, 2021

GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Michael D. Celio
MICHAEL D. CELIO, SBN 197998
LINDSEY YOUNG, SBN 300080
WESLEY SZE, SBN 306715
1881 Page Mill Road
Palo Alto, CA  94304
Telephone:    650.849.5300

MATTHEW S. KAHN, SBN 261679
MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:    415.393.8200

*Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO LIFT THE STAY
CASE NO. 3:19-CV-05857-SI

Gibson, Dunn &
Crutcher LLP