Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Fax: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER DENNEE, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:19-cv-05857-SI |
| Plaintiff, | CLASS ACTION |
| v. | |
| SLACK TECHNOLOGIES, INC., STEWART BUTTERFIELD, ALLEN SHIM, BRANDON ZELL, ANDREW BRACCIA, EDITH COOPER, SARAH FRIAR, JOHN O'FARRELL, CHAMATH PALIHAPITIYA, GRAHAM SMITH, ACCEL GROWTH FUND IV ASSOCIATES L.L.C., ACCEL GROWTH FUND INVESTORS 2016 L.L.C., ACCEL LEADERS FUND ASSOCIATES L.L.C., ACCEL LEADERS FUND INVESTORS 2016 L.L.C., ACCEL X ASSOCIATES L.L.C., ACCEL INVESTORS 2009 L.L.C., ACCEL XI ASSOCIATES L.L.C., ACCEL INVESTORS 2013 L.L.C., ACCEL GROWTH FUND III ASSOCIATES L.L.C., AH EQUITY PARTNERS I L.L.C., A16Z SEED-III LLC, SOCIAL+ CAPITAL PARTNERSHIP GP II, L.P., SOCIAL+CAPITAL PARTNERSHIP GP II LTD., SOCIAL+CAPITAL PARTNERSHIP GP III LP, SOCIAL+ CAPITAL PARTNERSHIP GP III, LTD., SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP L.P., and SOCIAL+CAPITAL PARTNERSHIP OPPORTUNITIES FUND GP LTD., | **LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO LIFT THE STAY PENDING APPEAL**<br><br>Date: January 7, 2022<br>Time: 10:00 a.m.<br>Location: Courtroom 1, 17th Floor<br>Judge: Honorable Susan Illston |
| Defendants. | |

Lead Plaintiff Fiyyaz Pirani seeks an order lifting the permissive stay the Court entered last year. The Court stayed this Action after the Ninth Circuit accepted interlocutory review of the Court's standing analysis in its decision denying Defendants' motion to dismiss. In light of the Ninth Circuit's recent affirmance of the Court's decision and Defendants' ongoing litigation of the related State Action, the stay is no longer necessary and will subject Lead Plaintiff to harm and prejudice.

Defendants offer three reasons to keep the stay in place, each of which should be rejected. *First*, Defendants argue that the Court has no authority to lift the stay, but this runs counter both to established law and practice. Courts frequently permit actions to proceed notwithstanding parallel interlocutory appeals, and this Court can undoubtedly vacate its own stay order regardless of the potential for further review. *Second*, Defendants argue that a stay is necessary to conserve resources, but their active litigation of the related State Action means that there will be only marginal, if any, burden associated with permitting the only Court-appointed Lead Plaintiff to litigate alongside the State Action plaintiffs. *And third*, Defendants argue that Lead Plaintiff will suffer no harm from a continued stay because the mere pendency of the State Action moots Lead Plaintiff's interest in this case. This ignores Lead Plaintiff's interest in litigating his case and overstates the role the State Action plaintiffs can be expected to play.

Lead Plaintiff has stated a claim for violations of Section 11 and 12, and the Ninth Circuit has affirmed this Court's decision that Lead Plaintiff has standing to pursue those claims. Although the Court balanced various considerations when it decided to stay this action 18 months ago, the balance has now shifted: The Ninth Circuit has ruled in Lead Plaintiff's favor, and the State Action is proceeding. No one knows for sure how Defendants' appeals will finally be resolved, but in the meantime, Lead Plaintiff should be permitted to litigate his well-pled claims without further delay.

## I.   THE COURT HAS AUTHORITY TO LIFT THE STAY

Defendants are wrong when they argue that the interlocutory appeal divests this Court of jurisdiction to lift the stay. As Plaintiff already demonstrated (Mot. at 6-7), the Court retains jurisdiction over all but the standing issue currently before the Ninth Circuit. *See United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)) (district court "retains jurisdiction to address aspects of the case that are not

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY

the subject of the appeal"); *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (district court is divested of jurisdiction of only "those aspects of the case on appeal"). Defendants' own authority even states, "'The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.'" *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2011 U.S. Dist. LEXIS 72847, at *4 (N.D. Cal. July 7, 2011) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)) (Defs. Opp. at 4).

Numerous cases, in fact, have proceeded to discovery despite the pendency of an appeal, including where the appeal could have resulted in dismissal. *E.g.*, *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2019 U.S. Dist. LEXIS 189541, at *19 (E.D. Mich. Nov. 1, 2019) ("Because the prejudice Plaintiffs will suffer from a stay of discovery if this case proceeds after the appeal outweighs the prejudice Defendants will suffer absent a stay if resolution of the appeal ends this case, the Court exercises its discretion and declines Defendants' request for a stay pending the interlocutory appeal."). *See also Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004) (granting in part and denying in part defendant's motion to stay pending interlocutory appeal).[1] Even if the Ninth Circuit grants Defendants' petition for rehearing or rehearing *en banc*, or if Defendants petition the U.S. Supreme Court for a writ of certiorari, this Court would still retain jurisdiction to lift the stay and allow Lead Plaintiff to litigate his claims on behalf of himself and the Class. *See, e.g.*, *Wenk v. O'Reilly*, No. 2:12-CV-00474, 2015 U.S. Dist. LEXIS 108910, 2015 WL 4916934, at *3 (S.D. Ohio Aug. 18, 2015) (denying the defendant's request for a stay of the trial pending disposition of her petition for writ of certiorari, noting that the plaintiffs "[had] already suffered greatly from the delay in obtaining relief" given that the case was more than three years old).

---

[1] Certain courts have even attempted to strike a balance, allowing certain aspects of the case to proceed while staying others. *See, e.g.*, *Cook Med. Inc. v. Griffin*, No. 1:08-cv-188-SEB-JMS, 2008 U.S. Dist. LEXIS 51351, at *4 (S.D. Ind. July 3, 2008) (staying case as to dispositive motions and trial but permitting case to proceed as to discovery and pretrial pleadings, including motions for leave to amend discovery); *R.F.J. v. Fla. Dep't of Children & Families*, No. 3:15-CV-1184-J-32JBT, 2017 U.S. Dist. LEXIS 222944, at *5 (M.D. Fla. Feb. 24, 2017) (staying only certain discovery pending interlocutory appeal).

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY

## II.    THERE IS NO REASON TO CONTINUE THE STAY

Defendants concede that the only interest they have in continuing the stay is in avoiding spending time and money litigating the action. (Defs. Opp. 1, 4-5.) In their view, the stay is necessary to avoid such expenditures because the Ninth Circuit (and after that, perhaps the Supreme Court?) has not finally ruled on Lead Plaintiff's standing. (*Id.*) Yet in this vein, Defendants have completely ignored the fact that they have been actively litigating the State Action post-demurrer for more than a year, engaging in defensive and offensive discovery, including through document requests and depositions. Indeed, Defendants do not even challenge Lead Plaintiff's argument that their participation in the State Action negates any hardship that might otherwise result from lifting the stay. Insofar as any inefficiency could result from parallel federal and state litigation, Lead Plaintiff will endeavor to alleviate any such burden by attempting to coordinate discovery with the State Action plaintiffs.

Not surprisingly, Defendants cite no authorities where, as here, an appellate court has affirmed the trial court decision *and* similar proceedings were concurrently progressing in a different forum. *See Akeena Solar*, 2011 U.S. Dist. LEXIS 72847 (no similar parallel proceedings) (Defs. Opp. at 4); *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983) (same) (Defs. Opp. at 4-5); *Rivera v. NIBCO, Inc.*, No. 99-6443 (E.D. Cal. Sept. 20, 2004) (order) (same) (Defs. Opp. at 5). Defendants' references to other cases involving potentially duplicative proceedings (Defs. Opp. at 7) are also inapposite, as all involved MDL proceedings with numerous other proceedings. *See Ernyes-Kofler v. Sanofi S.A.*, No. 5:16-cv-07307-EJD, 2017 U.S. Dist. LEXIS 29954, at *1 (N.D. Cal. Mar. 2, 2017) (over 700 cases arising out of similar facts and circumstances); *Gonzalez v. Ford Motor Co.*, No. 17-CV-05885-LHK, 2017 U.S. Dist. LEXIS 225548, at *2 (N.D. Cal. Nov. 16, 2017) (111 different cases); *In re GM LLC CP4 Fuel Pump Litig.*, No. 18-cv-07054-JST, 2019 U.S. Dist. LEXIS 226431, at *5 (N.D. Cal. Sep. 26, 2019) (at least 9 different cases). These cases are incomparable to the current situation, where only two cases are involved.

Accordingly, Defendants' claim that staying this action is necessary to avoid spending time and money in litigation rings hollow.

Case No. 3:19-cv-05857-SI

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY

III.    **PLAINTIFF WILL SUFFER PREJUDICE IF THE STAY IS NOT LIFTED**

Although Defendants ignore the realities of the State Action when arguing that they would suffer prejudice from lifting the stay, Defendants rely heavily on the mere pendency of the State Action to argue that Lead Plaintiff will suffer no prejudice if the stay remains. The Court should reject such doublethink.

Defendants are, in effect, arguing that the stay should not be lifted because other plaintiffs in another case (who did not even seek lead plaintiff appointment under the PSLRA) should be the ones to litigate Lead Plaintiff's claims in his stead. (Defs. Opp. at 5-6.) But Defendants do not get to make that choice, and they should not be allowed to use this Court's decision to stay the case to shield them from expending time and resources (which they are spending anyway) and as a sword to prevent Lead Plaintiff from litigating his case. Congress enacted the PSLRA to ensure that securities actions are led by the "most adequate plaintiff," and Lead Plaintiff was so appointed. It would contravene Congress' clear intent to force Lead Plaintiff to stand aside while the State Action plaintiffs, who shied away from the PSLRA leadership process, could impair Lead Plaintiff's interests.[2] Indeed, Defendants expressly acknowledge that the outcome of the State Action will affect Lead Plaintiff. (Defs. Opp. at 5-6.)

As the sole Court-appointed lead plaintiff under the PSLRA, Lead Plaintiff should be permitted to proceed.

IV.    **CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court vacate the July 30, 2020, Order staying all proceedings and schedule the initial case management conference.

---

[2] Lead Plaintiff does not disagree that the plaintiffs' lawyers in the State Action are experienced class action law firms. (Defs. Opp. at 6.) Nonetheless, it is impossible to ignore that the group of plaintiffs assembled by the ten law firms involved in the State Action would not pass muster before this Court. *See, e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1023, 1025 (N.D. Cal. 1999) (discussing lead plaintiff groups); *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *13 (N.D. Cal. Nov. 27, 2018) (same); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *25 (N.D. Cal. Aug. 22, 2008) (same). The lack of cohesion is evidenced not only by the sheer volume of plaintiffs in the State Action, but also by the fact that at least three of them have already dropped out of the case by voluntarily dismissing their claims.

DATED: December 8, 2021

/s/ *Marion C. Passmore*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Fax: (212) 214-0506
Email: fortunato@bespc.com
        passmore@bespc.com

- and -

Lawrence P. Eagel (admitted *pro hac vice*)
W. Scott Holleman (SBN 310266)
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5888
Facsimile: (212) 504-3260
Email: eagel@bespc.com
        holleman@bespc.com

*Counsel for Lead Plaintiff Fiyyaz Pirani*

Case No. 3:19-cv-05857-SI

LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY